JOHN W. BERRY, Cal. Bar No. 295760
Email: berryj@sec.gov
JACOB A. REGENSTREIF (Cal. Bar No. 234734)
E-mail: regenstreifj@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
Alka N. Patel, Associate Regional Director
John W. Berry, Regional Trial Counsel
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**Southern Division**

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

vs.

CHARLES C. LIU; XIN WANG a/k/a LISA WANG; PACIFIC PROTON THERAPY REGIONAL CENTER, LLC; PACIFIC PROTON EB-5 FUND, LLC; and BEVERLY PROTON CENTER, LLC f/k/a LOS ANGELES COUNTY PROTON THERAPY, LLC,

Defendants.

Case No. SACV16-00974-CJC (AGRx)

**SUPPLEMENTAL DECLARATION OF LORRAINE PEARSON IN SUPPORT OF PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S MOTION FOR ORDERS REQUIRING THE REPATRIATION OF ASSETS AND ACCOUNTINGS**

Date: July 11, 2016 (by stipulation)
Ctrm: 9B
Judge: Hon. Cormac J. Carney

I, Lorraine Pearson, declare pursuant to 28 U.S.C. § 1746 as follows:

1. I am a certified public accountant with Plaintiff Securities and Exchange Commission (the "SEC") in its Los Angeles Regional Office. I have been employed by the SEC within the Division of Enforcement since October 1984. I have been licensed with the State of California since 1981. I have been a certified fraud examiner since 2010.

2. I make this declaration in support of the SEC's accompanying Motion for Orders Requiring the Repatriation of Assets and Accountings. I have personal knowledge of the matters set forth below, except as otherwise noted, and, if called as a witness, I could and would competently testify under oath to the facts stated herein.

3. I previously submitted a declaration (Dkt. No. 6), dated May 26, 2016 in support of the SEC's *Ex Parte* Application for a Temporary Restraining Order, Order to Show Cause Why a Preliminary Injunction Should Not Be Granted, and Other Orders, also dated May 26, 2016 and related papers. I will refer to that prior declaration as the "Pearson Declaration."

4. In the course of my duties with the SEC, I analyze bank records, financial records, and other books and records of companies, and I make calculations and observations based upon those records. The documents that I analyze in the course of my duties with the SEC are of the type reasonably relied upon by accountants in forming opinions and inferences about, among other things, the finances of a company and its sources and uses of money.

5. During the course of the SEC's investigation leading to this enforcement action, during the course of this case, and pursuant to my duties as an accountant with the SEC, I have reviewed bank records (including underlying detail such as account statements, account opening documents, signature cards, wire transfers, deposit slips and copies of items deposited, checks, withdrawal slips and bank account transfers) for accounts associated with the two individual defendants, Charles C. Liu and Xin Wang, a/k/a Lisa Wang, and for accounts associated with the three corporate

defendants, Beverly Proton Center, LLC f/k/a Los Angeles County Proton Therapy, LLC ("Beverly Proton"), Pacific Proton EB-5 Fund, LLC ("PPEB5 Fund") and Pacific Proton Therapy Regional Center, LLC ("Pacific Proton").

6. Specifically, I reviewed bank records for the following accounts associated with the corporate defendants (*see* Pearson Declaration at ¶¶ 5-7, Exhibits 1 and 2):

(a) East West Bank Account No. XXXX9509 in the name of "Pacific Protone Regional Center LLC," by Atlantic Escrow Corporation as escrow agent (the "Pacific Proton escrow account") during the period October 31, 2014 through February 29, 2016;

(b) JP Morgan Chase Bank, N.A. Account No. XXXXXXXXXX1028 in the name of "Pacific Proton EB-5 Fund LLC" (the "PPEB5 Fund account") during the period October 1, 2014 through April 30, 2016;

(c) JP Morgan Chase Bank, N.A. Account No. XXXXXXXXXX5152 in the name of "Los Angeles County Proton Therapy LLC" (the "Beverly Proton account") during the period October 1, 2014 through April 30, 2016; and

(d) JP Morgan Chase Bank, N.A. Account No. XXXXXXXXXX6428 in the name of "Pacific Proton Therapy Regional Center LLC" (the "Pacific Proton account") during the period October 1, 2014 through April 30, 2016.

7. I also reviewed bank records for the following account in the name of defendant Charles C. Liu: JP Morgan Chase Bank, N.A. Account No. XXXXX3076 (the "Liu personal account") during the period November 27, 2015 through April 29, 2016. A true and correct copy of these bank records, which were produced to the SEC by JP Morgan Chase Bank, N.A., is attached as Exhibit 1. A true and correct copy of the declaration of the custodian of records for JP Morgan Chase Bank, N.A. is attached as Exhibit 2.

8. I also reviewed bank records for the following accounts in the name of defendant Xin Wang:

(a) JP Morgan Chase Bank, N.A. Account No. XXXXX3983 in the name of Xin Wang (the "Wang Chase personal account") during the period June 5, 2014 through April 20, 2016;

(b) Wells Fargo Bank, N.A. Account No. XXXXXX9793 in the name of Xin Wang (the "Wang Wells Fargo personal account 1") during the period June 28, 2014 through April 30, 2016;

(c) Wells Fargo Bank, N.A. Account No. XXXXXX2210 in the name of Xin Wang (the "Wang Wells Fargo personal account 2") during the period June 28, 2014 through April 30, 2016; and

(d) Wells Fargo Bank, N.A. Account No. XXXXXX2343 in the name of Xin Wang (the "Wang Wells Fargo personal account 3") during the period February 11, 2016 through April 30, 2016.

A true and correct copy of the bank records for the Wang Chase personal account, which were produced to the SEC by JP Morgan Chase Bank, N.A., is attached as Exhibit 3. True and correct copies of the bank records for the Wang Wells Fargo personal accounts 1, 2 and 3, which I will refer to collectively as the "Wang Wells Fargo personal accounts," and which were produced to the SEC by Wells Fargo Bank, N.A., are attached, respectively, as Exhibits 4, 5 and 6. A true and correct copy of the declaration of the custodian of records for Wells Fargo Bank, N.A. is attached as Exhibit 7.

9. Based on my review of the account opening documents for the Liu personal account, I have determined that Charles Liu is the sole authorized signatory on the account. A true and correct copy of the signature card, which was produced to the SEC by the bank, is attached as Exhibit 8.

10. Based on my review of the account opening documents for the Wang Wells Fargo personal accounts, I have determined that Xin Wang is the sole authorized signatory on the accounts. True and correct copies of the signature cards, which were produced to the SEC by the bank, are attached as Exhibit 9.

**<u>Summaries of Receipts and Disbursements</u>**

11. As set forth in the Pearson Declaration, I analyzed the bank records to determine the amount of money deposited from investors, in the form of "Capital Contributions" and "Administrative Fees," and the amount of money that was disbursed to Wang, Liu and three firms based in China—(a) Overseas Chinese Immigration Consulting Ltd. ("Overseas Chinese"); (b) United Damei Group, United Damei Investment Company, Ltd. and/or Beijing Pacific Damei Consulting Co. Ltd. (collectively, "UDG"); and (c) Hong Kong Delsk Business Co., Ltd. ("Delsk"). I summarize and expand upon some of those determinations below.

**<u>Receipts – Capital Contributions and Administrative Fees</u>**

12. From at least October 1, 2014 to the present, at least $26,967,918 was deposited from 50 investors into the PPEB5 Fund and Pacific Proton accounts (*see* Pearson Declaration at ¶ 17). Of that amount, $24,712,217 was deposited into the PPEB5 Fund account as "Capital Contributions," and $2,255,701 was deposited into the Pacific Proton account as "Administrative Fees." (*See* Pearson Declaration at ¶¶ 17, 26.)

13. As I mentioned in the Pearson Declaration (*see* Pearson Declaration at ¶ 34), the overwhelming majority of funds deposited in the PPEB5 Fund account were Capital Contributions. Likewise, the overwhelming majority of funds deposited in the Pacific Proton account were Administrative Fees. Only a small amount of cash infusions other than Capital Contributions or Administrative Fees were deposited into these accounts for the records and periods I reviewed. Therefore, to the extent funds were disbursed from the PPEB5 Fund account, the source of those funds was predominantly Capital Contributions; and to the extent funds were disbursed from the Pacific Proton account, the source of those funds was predominantly Administrative Fees.

14. Based on my review of the relevant bank records, and as noted in the Pearson Declaration (at ¶ 12), funds from the Pacific Proton escrow account were

transferred to the PPEB5 Fund account. From the PPEB5 account, a large majority of the Capital Contributions were transferred to the Beverly Proton account (*see* Pearson Declaration at ¶ 16.a). The other sources of funds for the Beverly Proton account were not significant (*see* Pearson Declaration at ¶ 19). Therefore, to the extent funds were disbursed from the Beverly Proton account, the source of those funds was predominantly Capital Contributions.

15. The $24,712,217 in the PPEB5 Fund account represents Capital Contributions from 50 investors. According to the 2014 general ledger for the PPEB5 Fund, produced by Charles Liu, one of the investors had contributed a portion of the $500,000 Capital Contribution prior to October 1, 2014. If the portion of the investor's Capital Contribution that, according to the ledger, was received prior to October 1, 2014 were included, then the total amount of Capital Contributions deposited would be $25,000,000 ( which is $500,000 per investor times 50 investors).

16. With respect to the Capital Contributions, $200,058 was deposited into the PPEB5 Fund account from one investor during the period October 1, 2014 through December 31, 2014, and $24,512,159 was deposited into the PPEB5 Fund account from 49 investors during the period January 1, 2015 through December 31, 2015.

17. The $2,255,701 in the Pacific Proton account represents Administrative Fees from 50 investors. Some of the investors sent slightly more than $45,000 each to the Pacific Proton account. That is why the total of the Administrative Fees from 50 investors is slightly more than $2,250,000 (*i.e.*, $45,000 per investor times 50 investors).

18. With respect to the Administrative Fees, $45,000 was deposited into the Pacific Proton account from one investor during the period October 1, 2014 through December 31, 2014, and $2,210,701 was deposited into the Pacific Proton account from 49 investors during the period January 1, 2015 through December 31, 2015.

19. As set forth in the Pearson Declaration (at ¶ 29), based on my review of

the relevant bank records, as of April 30, 2016, the balance of the balance in the PPEB5 Fund account was $102,272; the balance in the Beverly Proton account was $261,256; and the balance in the Pacific Proton account was $45,481. Thus, as of April 30, 2016, the total balance in all three accounts was $409,009.

**Disbursements – to Wang and Liu**

20. From October 1, 2014 to April 30, 2016, Liu received $6,714,580 from the Pacific Proton, Beverly Proton and PPEB5 Fund accounts. Of that amount, he received $5,000 during the period October 1, 2014 through December 31, 2014, $1,389,580 during the period January 1, 2015 through December 31, 2015, and $5,320,000 during the period January 1, 2016 through April 30, 2016. As set forth in the Pearson Declaration (at ¶ 23), Liu received $4,270,000 in February and March 2016.

21. From October 1, 2014 to April 30, 2016, Wang received $1,400,000 from the Pacific Proton and Beverly Proton accounts. Of that amount, she received $50,000 during the period October 1, 2014 through December 31, 2014, $354,000 during the period January 1, 2015 through December 31, 2015, and $996,000 during the period January 1, 2016 through April 30, 2016. As set forth in the Pearson Declaration (at ¶ 23), Wang received $996,000 in March 2016.

**Disbursements – from Administrative Fees**

22. As set forth in the Pearson Declaration, I analyzed the Pacific Proton account bank records for the period October 1, 2014 through April 30, 2016. I determined that the following disbursements were made from the Pacific Proton account:

(a) $26,015 was paid to St. Anne School in 2014 and 2015;

(b) $2,446 was paid to myschoolaccount.com in 2014 and 2015;

(c) $2,320 was paid to Trinity Foundation Preparatory School in 2015; and

(d) $825 was paid to Marianapolis Preparatory School in 2014.

These disbursements total $31,606.

**Clarification as to Disbursements to Overseas Chinese and Delsk**

23. As set forth in the Pearson Declaration, I determined that $1,500,000 was paid to Overseas Chinese from the PPEB5 Fund account (*see* Pearson Declaration at ¶ 16.b). I also determined that $12,107,289 was used for various payments from the Beverly Proton account (*see* Pearson Declaration at ¶ 20.a). I further determined that $7,300,000 was paid to Overseas Chinese from both accounts (*see* Pearson Declaration at ¶ 22.a). To be clear, $5,800,000 of the $12,107,289 cited in paragraph 20.a of the Pearson Declaration was paid to Overseas Chinese from the Beverly Proton account. The sum of that transfer with the $1,500,000 paid to Overseas Chinese from the PPEB5 Fund account leads to the total transfer for two accounts of $7,300,000. As discussed below, another $422,000 was disbursed to Overseas Chinese from the Pacific Proton account, for a total of $7,722,000 that was disbursed from all three corporate accounts to Overseas Chinese.

24. As set forth in the Pearson Declaration, I determined that $1,045,000 was paid to Delsk from the PPEB5 Fund account and the Beverly Proton account (*see* Pearson Declaration at ¶ 22.f). To be clear, that amount is part of the $12,107,289 cited in paragraph 20.a of the Pearson Declaration. Moreover, the $1,045,000 was paid to Delsk from the Beverly Proton account, not the PPEB5 Fund account. As discussed below, another $342,000 was disbursed to Delsk from the Pacific Proton account, for a total of $1,387,500 that was disbursed from the Beverly Proton account and the Pacific Proton account to Delsk.

**Disbursements to the Chinese Marketers**

25. From October 1, 2014 to April 30, 2016, Overseas Chinese, UDG and Delsk received $12,924,500 from the Pacific Proton, Beverly Proton and PPEB5 Fund accounts. (The three firms received $11,845,000 from the PPEB5 Fund and the Beverly Proton accounts, as set forth in the Pearson Declaration at ¶ 22; the other $1,079,500 of the $12,924,500 came from the Pacific Proton account.) Of that

amount, these three entities received a total of $150,000 from these accounts during the period October 1, 2014 through December 31, 2014, $12,077,000 during the period January 1, 2015 through December 31, 2015, and $697,500 during the period January 1, 2016 through April 30, 2016. These disbursements are broken out per entity as follows:

(a) From October 1, 2014 to April 30, 2016, Overseas Chinese received $7,722,000 from the Pacific Proton, Beverly Proton and PPEB5 Fund accounts. Of that amount, Overseas Chinese received a total of $150,000 during the period October 1, 2014 through December 31, 2014, $7,187,000 during the period January 1, 2015 through December 31, 2015, and $385,000 during the period January 1, 2016 through April 30, 2016.

(b) From January 1, 2015 to April 30, 2016, UDG received $3,815,000 from the Pacific Proton and Beverly Proton accounts. Of that amount, UDG received nothing during the period October 1, 2014 through December 31, 2014, $3,615,000 during the period January 1, 2015 through December 31, 2015, and $200,000 during the period January 1, 2016 through April 30, 2016.

(c) From January 1, 2015 to April 30, 2016, Delsk received $1,387,500 from the Pacific Proton and Beverly Proton accounts. Of that amount, Delsk received nothing during the period October 1, 2014 through December 31, 2014, $1,275,000 during the period January 1, 2015 through December 31, 2015, and $112,500 during the period January 1, 2016 through April 30, 2016.

**Analysis of the Liu Personal Account**

26. I have analyzed the bank records for the Liu personal account to determine the sources and uses of cash for that account. Based on my review of those records, Liu appears to have made several disbursements of large sums of money shortly after receiving large deposits from the PPEB5 Fund account and the Beverly Proton account.

27. Liu made several disbursements to United MPH Ventures LLC "MPH

Ventures") shortly after receiving funds deposits from the PPEB5 Fund and Beverly Proton accounts. These disbursements were made to MPH Ventures at JP Morgan Chase Bank, N.A. in Laguna Niguel, California. For example:

(a) On January 4, 2016, the Liu personal account received $180,000 from the Beverly Proton account. On the same day, the Liu personal account sent $50,000 to MPH Ventures. This payment was made using funds from the Beverly Proton account.

(b) On January 25, 2016, the Liu personal account received $180,000 from the Beverly Proton account. On February 12, 2016, the Liu personal account sent $50,000 to MPH Ventures. This payment was made using funds from the Beverly Proton account.

(c) On March 10, 2016, the Liu personal account received $1,000,000 from the PPEB5 Fund account and $800,000 from the Beverly Proton account. As set forth below, the next day, March 11, he transferred $750,000 to the China Merchants Bank in China. Three days later, on March 14, 2016, the Liu personal account sent $200,000 to MPH Ventures, for a total of $950,000. At least $880,000 of these payments was made using funds from the PPEB5 Fund account or the Beverly Proton account.

28. Liu also made disbursements to Wang shortly after receiving funds deposits from the PPEB5 Fund and Beverly Proton accounts. For example:

(a) On March 1, 2016, the Liu personal account received $400,000 from the Beverly Proton account. On March 2, 2016 and March 3, 2016, respectively, the Liu personal account paid $250,000 and $100,000 to Wang. These payments were made using funds from the Beverly Proton account.

(b) Liu made a disbursement to a JP Morgan Chase Bank, N.A. savings account shortly after receiving funds from the Beverly Proton account. On January 19, 2016, the Liu personal account received $350,000 from the Beverly Proton account. On January 20, 2016, the Liu personal account transferred $250,000

to the Chase savings account. This transfer was made using funds from the Beverly Proton account.

29. Liu also made several disbursements for "child support" shortly after receiving funds deposits from the Beverly Proton account. For example:

(a) On November 27, 2015, the Liu personal account received $160,000 from the Beverly Proton account. On December 18, 2015, the Liu personal account sent $35,000 for "child suppt.," according to the notation in the record. This payment was made using funds from the Beverly Proton account.

(b) On January 8, 2016 and January 14, 2016, respectively, the Liu personal account received $150,000 and $100,000 from the Beverly Proton account. On January 15, 2016, the Liu personal account sent $250,000 for "child suppt," according to the notation in the record. This payment was made using funds from the Beverly Proton account.

(c) On March 1, 2016, the Liu personal account received $400,000 from the Beverly Proton account. On March 8, 2016, the Liu personal account sent $200,000 for "child suppt," according to the notation in the record. This payment was made using funds from the Beverly Proton account.

30. Based on my review of the bank records for the Liu personal account, the balance in that account as of April 29, 2016 was $838,905.

**Wang Personal Account Disbursements**

31. I analyzed the bank records of the Wang Chase personal account and the Wang Wells Fargo personal accounts to determine the sources and uses of cash for those accounts.

32. Based on my review of the bank records for the Wang Chase personal account, I determined that this account received the following funds:

(a) $1,250,000 from the Beverly Proton account during the period from October 14, 2014 through November 2, 2015;

(b) $398,000 from the Pacific Proton account during the period from

June 5, 2014 through October 6, 2015;

(c) $350,000 from the Liu personal account during the period from March 2, 2016 through March 3, 2016; and

(d) $122,184 from various sources during the period from June 19, 2014 through April 20, 2016.

33. Based on my review of the bank records for the Wang Chase personal account, I determined that the following disbursements were made from that account:

(a) $550,000 was paid to Charles Liu during the period from March 10, 2016 through April 20, 2016;

(b) $440,955 was used for various payments during the period from June 27, 2014 through April 20, 2016;

(c) $236,000 was paid to the Pacific Proton account during the period from July 16, 2014 through April 8, 2015; and

(d) $80,050 was paid to the Wang Wells Fargo personal account 1 during the period from June 30, 2014 through February 22, 2016.

34. From the $440,955 that was disbursed from the Wang Chase personal account for various payments, as referenced above, I determined that $139,100 was paid to The Escrow Firm, Inc. in Laguna Niguel, California.

35. Based on my review of the bank records for the Wang Chase personal account, Wang appears to have made many disbursements of large sums of money shortly after receiving deposits from the Beverly Proton account and the Pacific Proton account. For example:

(a) On August 21, 2015, the Wang Chase personal account received $10,000 from the Pacific Proton account. On August 22, 2015, the Wang Chase personal account paid $10,000 to the Marianapolis Preparatory School for "tuition deposit."

(b) On August 31, 2015, the Wang Chase personal account received $35,000 from the Pacific Proton account. On September 8, 2015, the Wang Chase

personal account paid $24,999 to mbfs.com.

(c) On September 30, 2015, the Wang Chase personal account received $50,000 from the Pacific Proton account. On October 2, 2015, the Wang Chase personal account paid $27,480 to Yacht Registry Services, Inc. for "deposit for Grenada resort complex," and on October 5, 2015, there was a $20,000 withdrawal from the Wang Chase personal account.

(d) On October 6, 2016, the Wang Chase personal account received $10,000 from the Pacific Proton account. On the same day, the Wang Chase personal account paid $5,000 to SC MPH Fund, LP and $5,000 SC MPH Management, LLC.

(e) On October 7, 2015, the Wang Chase personal account received $90,000 from the Pacific Proton account. On the same day, the Wang Chase personal account paid $30,000 to Fine Living International, Inc. for "orders for 55 Asilomar Rd."

36. Based on my review of the bank records for the Wang Wells Fargo personal account 1, I determined that this account received the following funds:

(a) $150,000 from the Beverly Proton account on November 13, 2015;

(b) $80,050 from the Wang Chase personal account during the period from June 30, 2014 through February 22, 2016; and

(c) $5,101 from various sources during the period from June 30, 2014 through April 30, 2016.

37. Based on my review of the bank records for the Wang Wells Fargo personal account 1, I determined that the following disbursements were made from that account:

(a) $33,160 was paid to Wang Wells Fargo personal account 2 during the period from December 4, 2014 through November 3, 2015; and

(b) $75 was used for various payments during the period from June 30, 2015 through February 22, 2016.

38. Based on my review of the bank records for the Wang Wells Fargo personal account 2, I determined that this account received $33,160 from the Wang Wells Fargo personal account 1 during the period from December 4, 2014 through November 3, 2015.

39. Based on my review of the bank records for the Wang Wells Fargo personal account 2, I determined that the following disbursements were made from that account:

(a) $11,780 was paid to St. Anne School on December 1, 2015;

(b) $10,000 was paid to the Pacific Proton account on December 2, 2015;

(c) $4,950 was paid to the Wang Wells Fargo personal account 3 on February 11, 2016; and

(d) $6,430 was used for various payments during the period from July 13, 2014 through February 11, 2016.

40. Based on my review of the bank records for the Wang Wells Fargo personal account 3, I determined that this account received the following funds:

(a) $4,950 from the Wang Wells Fargo personal account 2 on February 11, 2016; and

(b) $51 from various sources during the period from February 11, 2016 through April 29, 2016.

41. Based on my review of the bank records for the Wang Chase personal account, the balance in that account as of April 20, 2016 was $782,779.

42. Based on my review of the bank records for the Wang Wells Fargo personal account 1, the balance in that account as of April 30, 2016 was $196,866.

43. Based on my review of the bank records for the Wang Wells Fargo personal account 2, the balance in that account as of April 30, 2016 was $0.

44. Based on my review of the bank records for the Wang Wells Fargo personal account 3, the balance in that account as of April 30, 2016 was $5,001.

45. The total account balances as of April 30, 2016 for the Wang Chase personal account and the Wang Wells Fargo personal accounts was $984,646.

**Disbursements to Foreign Accounts**

46. Based on my review of the bank records for the PPEB5 Fund account and the Liu personal account, those two accounts made disbursements totaling $3,750,000 to China Merchants Bank Co., Ltd. ("China Merchants Bank") in Hong Kong. There were a total of 10 transfers of funds from the PPEB5 Fund account to the China Merchants Bank account. One of those transfers was a disbursement of $500,000 from the PPEB5 Fund account, made on October 21, 2015. The other nine transfers, for a total of $3,250,000, were made from the Liu personal account during the period February 26 through April 5, 2016, as follows:

(a) $250,000 was disbursed from the Liu personal account to China Merchants Bank on February 26, 2016;

(b) $250,000 was disbursed from the Liu personal account to China Merchants Bank on February 29, 2016;

(c) $250,000 was disbursed from the Liu personal account to China Merchants Bank on March 1, 2016;

(d) $500,000 was disbursed from the Liu personal account to China Merchants Bank on March 7, 2016;

(e) $750,000 was disbursed from the Liu personal account to China Merchants Bank on March 11, 2016;

(f) $500,000 was disbursed from the Liu personal account to China Merchants Bank on March 14, 2016;

(g) $250,000 was disbursed from the Liu personal account to China Merchants Bank on March 24, 2016;

(h) $250,000 was disbursed from the Liu personal account to China Merchants Bank on April 1, 2016; and

(i) $250,000 was disbursed from the Liu personal account to China

Merchants Bank on April 5, 2016.

47. Based on my review of the bank records for the Liu personal account, that account made one disbursement of $118,605.11 to Bank of America, N.A. A/0959 A/C: Grenada Co-operative Bank Limited in St. George's Grenada (the "Grenada Bank") on March 7, 2016.

48. Based on my review of the bank records for the Liu personal account, the disbursements to China Merchants Bank and Grenada Bank were made shortly after receiving funds deposits from the PPEB5 Fund and Beverly Proton accounts. For example:

(a) On February 25, 2016, the Liu personal account received $350,000 from the Beverly Proton account. On February 26, 2016, as mentioned above, the Liu personal account sent an international wire for $250,000 to China Merchants Bank. At least approximately $160,000 of this payment was made using funds from the Beverly Proton account.

(b) On February 26, 2016 and February 29, 2016, the Liu personal account received $450,000 and $480,000, respectively, from the Beverly Proton account. As mentioned above, the Liu personal account sent international wires for $250,000 to China Merchants Bank on February 29, 2016, and for $250,000 to China Merchants Bank on March 1, 2016. These payments were made using funds from the Beverly Proton account.

(c) On March 2, 2016, the Liu personal account received $400,000 from the Beverly Proton account. On March 7, 2016, as mentioned above, the Liu personal account sent an international wire for $500,000 to China Merchants Bank. On the same day, the Liu personal account sent the international wire for $118,605.11 to Grenada Bank. This payment was made using funds from the Beverly Proton account.

(d) On March 10, 2016, the Liu personal account received $1,000,000 from the PPEB5 Fund account and $800,000 from the Beverly Proton account. As

mentioned above, on March 11, 2016, and March 14, 2016, respectively, the Liu personal account sent international wires to China Merchants Bank for $750,000 and $500,000, for a total of $1,250,000. At least $1,180,000 of these payments was made using funds from the PPEB5 Fund account and the Beverly Proton account.

(e) On March 21, 2016, the Liu personal account received $490,000 from the Beverly Proton account. As mentioned above, On March 24, 2016, April 1, 2016, and April 5, 2016, respectively, the Liu personal account sent international three wires to China Merchants Bank, each for $250,000, for a total of $750,000. All but approximately $200,000 of the $750,000 was paid using funds from the Beverly Proton account.

49. As discussed above and in the Pearson Declaration, during the period October 1, 2014 to April 30, 2016, the following disbursements were made to Overseas Chinese, UDG and Delsk from the PPEB5 Fund, Beverly Proton, Pacific Proton and the Liu personal accounts as follows:

(a) $7,722,000 was paid to Overseas Chinese. These disbursements were made to Oversea Chinese Banking Corp Ltd. in Singapore (“Oversea Chinese Bank – Singapore”).

(b) $3,815,000 was paid to UDG. These disbursements were made to the Industrial and Commercial Bank, Central Hong Kong in Hong Kong (“I&C Bank – Hong Kong”).

(c) $1,387,500 was paid to Delsk. These disbursements were made to Hang Seng Bank in Hong Kong (“Hang Seng Bank – Hong Kong”).

50. The $3,815,000 in disbursements to UDG to an I&C Bank – Hong Kong account were made from the Beverly Proton account. There were 18 wire transfers made from the Beverly Proton account to the I&C Bank – Hong Kong account during the period April 15, 2015 through February 3, 2016, as follows:

(a) $50,000 was disbursed from the Beverly Proton account to the I&C Bank – Hong Kong account on April 15, 2015;

(b) $100,000 was disbursed from the Beverly Proton account to the I&C Bank – Hong Kong account on April 16, 2015;

(c) $100,000 was disbursed from the Beverly Proton account to the I&C Bank – Hong Kong account on June 3, 2015;

(d) $150,000 was disbursed from the Beverly Proton account to the I&C Bank – Hong Kong account on June 3, 2015;

(e) $100,000 was disbursed from the Beverly Proton account to the I&C Bank – Hong Kong account on June 12, 2015;

(f) $100,000 was disbursed from the Beverly Proton account to the I&C Bank – Hong Kong account on July 16, 2015;

(g) $100,000 was disbursed from the Beverly Proton account to the I&C Bank – Hong Kong account on July 30, 2015;

(h) $500,000 was disbursed from the Beverly Proton account to the I&C Bank – Hong Kong account on August 21, 2015;

(i) $315,000 was disbursed from the Beverly Proton account to the I&C Bank – Hong Kong account on September 14, 2015;

(j) $100,000 was disbursed from the Beverly Proton account to the I&C Bank – Hong Kong account on September 18, 2015;

(k) $450,000 was disbursed from the Beverly Proton account to the I&C Bank – Hong Kong account on October 2, 2015;

(l) $300,000 was disbursed from the Beverly Proton account to the I&C Bank – Hong Kong account on October 6, 2015;

(m) $250,000 was disbursed from the Beverly Proton account to the I&C Bank – Hong Kong account on October 13, 2015;

(n) $250,000 was disbursed from the Beverly Proton account to the I&C Bank – Hong Kong account on November 4, 2015;

(o) $250,000 was disbursed from the Beverly Proton account to the I&C Bank – Hong Kong account on November 30, 2015;

(p) $500,000 was disbursed from the Beverly Proton account to the I&C Bank – Hong Kong account on December 14, 2015;

(q) $100,000 was disbursed from the Beverly Proton account to the I&C Bank – Hong Kong account on January 8, 2016; and

(r) $100,000 was disbursed from the Beverly Proton account to the I&C Bank – Hong Kong account on February 3, 2016.

51. The total amount in disbursements from the Liu personal account, the PPEB5 Fund account, the Beverly Proton account and the Pacific Proton to foreign accounts at China Merchants Bank and Grenada Bank was $3,868,605. If the transfers to I&C Bank – Hong Kong, where payments to UDG were received, are included, then the total amount of disbursements to accounts is $7,683,605.11. If the transfers to Oversea Chinese Bank – Singapore (for Overseas Chinese) and Hang Seng Bank – Hong Kong (for Delsk) are also included, then a total of $16,793,105.11 was transferred by defendants to foreign accounts during the relevant period.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 3rd day of June, 2016 in Los Angeles, California.

/s/ *Lorraine Pearson*
Lorraine Pearson

THIS PAGE INTENTIONALLY LEFT BLANK

**PROOF OF SERVICE**

I am over the age of 18 years and not a party to this action. My business address is:

U.S. SECURITIES AND EXCHANGE COMMISSION,
444 S. Flower Street, Suite 900, Los Angeles, California 90071
Telephone No. (323) 965-3998; Facsimile No. (213) 443-1904.

On June 3, 2016, I caused to be served the document entitled **SUPPLEMENTAL DECLARATION OF LORRAINE PEARSON IN SUPPORT OF PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S MOTION FOR ORDERS REQUIRING THE REPATRIATION OF ASSETS AND ACCOUNTINGS** on all the parties to this action addressed as stated on the attached service list:

☐ **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐ **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

☐ **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

☐ **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☒ **UNITED PARCEL SERVICE:** By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

☒ **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☒ **E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐ **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date: June 3, 2016

*/s/ Joseph Law*
Joseph Law

***SEC v. Liu et al.***
**United States District Court—Central District of California**
**Case No. SACV16-00974-CJC (AGRx)**

**SERVICE LIST**

*Counsel for Defendant Charles C. Liu:*
Edward Gartenberg, Esq.
Milena Dolukhanyan, Esq.
Gartenberg Gelfand Hayton LLP
15260 Ventura Boulevard, Suite 1920
Sherman Oaks, California 91403
Telephone: (213) 542-2100
Email: egartenberg@gghslaw.com
Email: mdolukhanyan@gghslaw.com

Hervé Gouraige, Esq.
Sills Cummins & Gross P.C.
The Legal Center
One Riverfront Plaza
Newark, New Jersey 07102
Email: hgouraige@sillscummis.com

*Defendant Xin Wang a/k/a Lisa Wang:*
55 Asilomar Road,
Laguna Niguel CA 92677

*Defendant Pacific Proton Therapy Regional Center, LLC:*
c/o Charles C. Liu
28202 Cabot Road, Suite 640
Laguna Niguel, CA 92677

c/o Charles C. Liu
55 Asilomar Road,
Laguna Niguel, CA 92677

c/o Michael Cogswell
8 Copious Lane,
Ladera Ranch, CA 92694

*Defendant Pacific Proton EB-5 Fund, LLC:*
c/o Corporation Trust Company
1209 Orange St,
Wilmington, DE 19801

c/o Charles C. Liu,
Pacific Proton Therapy Regional Center, LLC
55 Asilomar Road,
Laguna Niguel CA 92677

c/o Michael Cogswell,
Pacific Proton Therapy Regional Center, LLC
8 Copious Lane,
Ladera Ranch CA 92694

*Defendant Beverly Proton Center, LLC:*
*f/k/a Los Angeles County Proton Therapy, LLC*
c/o Charles C. Liu
28202 Cabot Road, Suite 640
Laguna Niguel, CA 92677

c/o Charles C. Liu
55 Asilomar Road,
Laguna Niguel CA 92677

c/o Michael Cogswell
8 Copious Lane,
Ladera Ranch CA 92694