Edward Gartenberg (State Bar No. 102693)
Milena Dolukhanyan (State Bar No. 303157)
GARTENBERG GELFAND HAYTON, LLP
15260 Ventura Boulevard, Suite 1920
Los Angeles, California 91403
Telephone: (213) 542-2100
Facsimile: (213) 542-2101
Email: egartenberg@ggshlaw.com
Email: mdolukhanyan@gghslaw.com

Attorneys for Defendant
Charles C. Liu

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

vs.

CHARLES C. LIU; XIN WANG a/k/a LISA WANG; PACIFIC PROTON THERAPY REGIONAL CENTER, LLC; PACIFIC PROTON EB-5 FUND, LLC; and BEVERLY PROTON CENTER, LLC f/k/a LOS ANGELES COUNTY PROTON THERAPY, LLC,

Defendants.

Case No. SACV 16-00974-CJC (AGRx)

**DECLARATION OF WALTER WANG**

I, Walter Wang, declare as follows:

1. I am an authorized representative and one hundred percent (100%) equity owner of Overseas Chinese Immigration Consulting Ltd. ("Overseas"), located in Hong Kong. I currently reside in Hong Kong. I have personal knowledge of the facts set forth herein and if called to testify as a witness, I could and would testify competently thereto.

2. I make this declaration in support of Defendant Charles C. Liu's Opposition to Plaintiff Securities and Exchange Commission's Ex Parte Application for a Restraining Order, Order to Show Cause Why a Preliminary Injunction Should Not Be Granted, and Orders (1) Freezing Assets; (2) Repatriating Assets; (3) Require Accountings; (4) Prohibiting the Destruction of Documents.

3. In my capacity as 100% owner and authorized representative of Overseas, I negotiated, and, on March 8, 2013, signed an Engagement Agreement (the "Engagement Agreement") with Los Angeles County Proton Therapy, LLC ("PT"). The Engagement Agreement was signed by PT, also on March 8, 2013, by Charles C. Liu, in Mr. Liu's capacity as an authorized representative of PT. A true and correct copy of the Engagement Agreement is attached hereto as Exhibit 1.

4. In accordance with the terms and conditions of the Engagement Agreement, Overseas was engaged to raise capital for and market and promote PT's EB5 Project, as such project is defined in the Engagement Agreement. Among other things, the Engagement Agreement provided that Overseas would be paid a fee ("Investor Fee") of $75,000 for each $500,000 investment made by an investor introduced to PT by Overseas, provided that the Investor Fee would be be refunded to PT in the event that the investor would fail to pay the $500,000 investment to PT or the $500,000 investment would be returned to the investor in accordance with PT's policies. Additionally, the Engagement Agreement provided that Overseas would be paid a marketing fee ("Marketing Fee") of $800,000 per year, provided, however, that if less than $50,000,000 in capital would be raised for PT within 36 months of the signing of the Engagement Agreement (March 8, 2013), then Overseas would be required to return all Marketing Fees paid to Overseas by PT and pay PT an additional sum of $1,000,000 in 36 months.

5. On April 18, 2016, Overseas agreed to return all Marketing Fees paid by PT under the Engagement Agreement in equal monthly installments of $500,000, commencing in May 2016, and continuing until all Marketing Fees have been fully

GARTENBERG GELFAND HAYTON & LLP

refunded. The total Marketing Fees paid by PT to Overseas and refundable by Overseas are $5,710,025. Of this amount, Overseas has already paid $1,500,000 to the account of Pacific Proton EB-5 Fund, LLC. None of the Marketing Fees paid to Overseas was paid directly or indirectly to Charles C. Liu or Xin Wang.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 16th day of June, 2016, in Hong Kong

Dated: 6/16/2016

Walter Wang, Declarant

GARTENBERG GELFAND HAYTON & LLP

EXHIBIT 1

**ENGAGEMEMT AGREEMENT**

THIS ENGAGEMENT AGREEMENT (the "Agreement") is made and effective on January 28th 2013 by and between **Los Angeles County Proton Therapy, LLC** ("Owner") **and Overseas Chinese Immigration Consulting Ltd** ("Consultant") with respect to the activities involving Owner's capital raising efforts related to the Owner's Immigrant Investor Project, Los Angeles Proton Therapy Center, ("EB5 Project") located in Los Angeles, California.

THE PARTIES AGREE AS FOLLOWS:

1. *Engagement*: Owner engages Consultant as a "Consultant" for the EB-5 Project.

2. *Term*: This Agreement is effective as of the March 8, 2013 (the "Commencement Date"), and shall continue in effect for a term of thirty-six months (the "Term") from the Commencement Date or the successful conclusion of the Owner's capital raising efforts related to the EB-5 Project, unless sooner terminated as provided in this Agreement.

3. *Consultant's Duties*: Consultant is expected to locate and obtain Investments from individual foreign Investors ("Investor") in minimum amounts of $500,000 in accordance with the United States Federal Government's EB-5 program (an "Investment"). Consultant shall be deemed to have obtained an Investment upon an Investor's submission of the $500,000 into an escrow account and the Consultant's successful submission, acceptance and approval of all applicable application and administrative requirements and materials. If Owner does not receive the potential Investor's funds placed in escrow, no Investment shall be deemed to have occurred.

4. *Consultant's Compensation*: Consultant shall receive $75,000 per Investor for the Investors the Consultant causes to Invest. The Consultant's compensation will be paid 100% upon after the filing of individual's I-526 petition. All compensation shall be subject to the Refund provisions outlined in Section 13 of this agreement and the Project's Investment Summary.

5. *Marketing Fee: Owner pays $800,000 per year to the Consultant a marketing fee per year for all the promotional activities related to the capital raise of the Owner. If funds less than $50,000,000 are raised within 36 months of signing, then the Consultant should return all the marketing fees to the Owner, plus a penalty of $1,000,000.00 to be paid in 36 months by the consultant.*

7. *Termination of Engagement*: This Agreement expires thirty-six months from the Commencement Date, or upon full subscription of 100 Investors, whichever is earlier. The Owner retains the right to terminate this Agreement prior to the twelve month expiration by providing written notice to the Consultant as required under Section 13. Notwithstanding if there are successful placements of Investors as evidenced by remittance of the $500,000 investment fund and this Agreement is subsequently terminated, all fees shall continue due and payable to Consultant.

8. *Independent Contractor*: Consultant is performing services and duties under this Agreement as an independent contractor and **not** as an employee, agent, partner or joint venturer.

9. *Confidential Information-Property of Owner*: Consultant shall not at any time during this Agreement's term or thereafter, without Owner's prior written consent, disclose to other persons or business entities any trade secrets or other confidential information concerning Owner, including, without limitation, Owner's fee arrangements, contracts, accounts and fundraising methods. Through this Agreement, Consultant confirms that such information constitutes Owner's exclusive property, and that all restrictions on Contractor's activities contained in this Agreement are required for Owner's reasonable protection.

10. *No Delegation*: The services and obligations to be provided and performed by the Consultant pursuant to this Agreement are unique, and all serves and obligations and all of Consultant's rights pursuant to this Agreement are personal to the Consultant and may not be assigned, delegated or transferred.

11. *Waiver of Breach*: If the Owner waives the Consultant's breach of any of the Agreement's provisions, such waiver shall not be construed or operate as a wavier of any subsequent breach by the Consultant. In addition, the Consultant's waiver of any breach of this agreement committed by the Owner shall not operate or be construed as a waiver of any subsequent breach by Owner.

12. *Notices*: All notices by either party required or permitted by this Agreement shall be in writing and sent by certified mail, postage prepaid, return receipt requested, addressed as follows:

| | |
|---|---|
| If to Consultant: | Overseas Chinese Immigration Consulting Ltd<br>Attn: Walter Wang<br>8th Floor, New Henry House<br>Hong Kong |
| If to Owner | Los Angeles County Proton Therapy, LLC<br>Attn: Charles Liu<br>28202 Cabot Rd, Suite 640<br>Laguna Niguel, CA 92677 |

Notices may also be mailed to such other addresses as the parties, respectively, may designate by notice given in like manner, and any such notice, request, or other communication shall be deemed to have been given when mailed as described.

13. *Refunds:* Consultant shall refund his/her compensation and shall be responsible in collecting refunds of fees received and paid to Agents (if any) in the event (1) the $500,000 capital Investment has not been received or (2) the $500,000 is being refunded to the Investor before the commencement of the operation of the Proton Therapy Center, pursuant to the policies outlined in the Investment Summary. The fees must be refunded to the Owner within 30 days upon receiving a written notice from the Owner.

Other expenses and fees associated with the filing of the I-526 Petition, including but not limited to the immigrant attorney's fees, filing fees, immigrant visa application fees, document translation expenses and applicable Investor asset analysis fee, shall be the sole responsibility of the Investor and are all non-refundable under all circumstances.

14. *Disbursement:* All fees due to the Consultant must be paid within 10 (ten) days of written notice by Consultants to Owner. All fees to subagents (if any) must be paid by Consultant within 10 (ten) days after receipt of payment by Consultant.

15. *Attorney Fees*: In the event of any litigation with respect to this Agreement, the prevailing party shall be entitled to have the other party pay his or its court costs and reasonable legal fees.

16. *Amendment*: The parties may only amend this Agreement through a written instrument signed by both the Owner and Consultant.

17. *Governing Law*: The validity, interpretation, enforceability and performance of this Agreement shall be governed by and construed in accordance with the law of the State of California without giving effect to Nevada's choice of law principles.

18. *Forum Selection*: If there is a lawsuit arising from this Agreement, Consultant agrees upon Owner's request to submit to the jurisdiction of California's federal and state courts located in Orange County, California.

19. *Severability*: The invalidity or unenforceability of any provision in this Agreement shall in no way affect the validity or enforceability of any other provision.

20. *Merger*: The parties intend that this Agreement's terms are the final expression of their agreement with respect to the all the parties' respective obligations and may not be contradicted by evidence of any prior or contemporaneous agreement.

Owner

By____________________ Date March 8, 2013
Print Name: CHARLES LIU
Name of Owner: LOS ANGELES COUNTY PROTON THERAPY, LLC

Consultant

By ____________________ Date March 8, 2013

Print Name: WALTER WANG
Name of Owner: OVERSEAS CHINESE IMMIGRATION CONSULTING LTD