STANLEY C. MORRIS, ESQ. (BAR NO. 183620)
BRIAN T. CORRIGAN, ESQ. (BAR NO. 143188)
**CORRIGAN & MORRIS LLP**
201 SANTA MONICA BOULEVARD, SUITE 475
SANTA MONICA, CALIFORNIA 90401-2212
TELEPHONE: (310) 394-2828
FACSIMILE: (310) 394-2825

*Attorneys for* Defendants
Pacific Proton Therapy Regional Center, LLC;
Pacific Proton EB-5 Fund, LLC; and Beverly Proton Center, LLC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

vs.

CHARLES C. LIU;
XIN WANG aka LISA WANG;
PACIFIC PROTON THERAPY REGIONAL CENTER, LLC; PACIFIC PROTON EB-5 FUND, LLC; and
BEVERLY PROTON CENTER, LLC fka LOS ANGELES COUNTY PROTON THERAPY, LLC

Defendants.

Case No.: SACV 16-00974 CJC (AGRx)

**DECLARATION OF MICHAEL COGSWELL IN SUPPORT OF DEFENDANT BEVERLY PROTON CENTER LLC'S, OPPOSITION TO PRELIMINARY INJUNCTION**



CORRIGAN & MORRIS, LLP
ATTORNEYS AT LAW
201 SANTA MONICA BLVD.
SUITE 475
SANTA MONICA, CA. 90401
(310) 394-2800

# DECLARATION OF MICHAEL COGSWELL

I, Michael Cogswell, declare and state as follows:

I am over 18 years old, have personal knowledge of the matters set forth herein, except as expressly stated on information and belief, and if called upon to testify, I would do so competently as follows:

1. I have an undergraduate degree and Master in Business Administration from Columbus University in Columbus Georgia. I also hold a PH.D. Degree in Philosophy from the University of Canterbury, Kent UK.

2. I have more than 25 years of experience in various executive positions in the healthcare field. Attached hereto at **Exhibit 1** is a true and correct copy of my resume, which accurately reflects my history of employment.

3. I joined Beverly Proton Center LLC, as President, in April 2016. Immediately before joining Beverly Proton, I worked for Mevion Medical Systems, Inc., a company that makes the machine Beverly Proton Center has agreed to purchase and made a non-refundable deposit of $3 million.

4. Upon my appointment as President of Beverly Proton on June 8, 2016, Mr. Charles Liu and his wife Xin Wang resigned from all managerial positions. Attached hereto **Exhibit 2** is a true and correct copy of their letters of resignation and Beverly Proton documents reflecting the change of control.

5. Attached hereto at **Exhibit 3** is a statement of information for Los Angeles County Proton Therapy LLC (the name was changed to Beverly Proton), filed with the California Secretary of State on December 2, 2013, that reflects Dr. John P. Thropay as the Chief Executive Officer of Beverly Proton. It is my understanding, based on the records of Beverly Proton, that Dr. Thropay held the Chief Executive Officer position of Beverly Proton from December 2, 2013, until Mr. Liu replaced him on January 19, 2016.

//

CORRIGAN & MORRIS, LLP
ATTORNEYS AT LAW
201 SANTA MONICA BLVD.
SUITE 475
SANTA MONICA, CA. 90401
(310) 394-2800

6. To the best of my knowledge, Beverly Proton has never made any representations to investors, whatsoever, and has never issued or sold any securities directly to investors. Beverly Proton has borrowed funds from the Fund.

7. Since joining Beverly Proton, I have spoken with three large institutional investors who have expressed an interest in investing at least $60 million in the Beverly Proton treatment center. I am confident that, if the Court denies the preliminary injunction, and Beverly Proton is permitted to pursue its business plan unfettered by the preliminary injunction, Beverly Proton would be able to secure the financing necessary to do so from these institutional investors and/or others.

8. Mr. Liu, Ms. Wang and I have carefully reviewed the allegations in the Complaint in this action, and have caused Beverly Proton to take a number of corrective actions, including: (i) Mr. Liu and Ms. Wang have resigned from the board and all managerial positons; (ii) Mr. Liu has represented to me that he will transfer sufficient ownership interest to me so that he no longer has a majority ownership in the Beverly Proton Center once the preliminary injunction and asset freeze is dissolved; (iii) I will have no business with Mr. Liu that is in any way related to Beverly Proton without the notification and consent of the SEC.

9. Mr. Liu has represented to me that he will return approximately $7 million dollars that the SEC has alleged he paid himself improperly once the temporary restraining order and asset freeze are dissolved. Further, if this Court's asset freeze and temporary restraining order are dissolved, I will ensure that Beverly Proton does not transfer any assets whatsoever to Mr. Liu or Xin Wang without first seeking this Court's approval or the SEC approval for such time as the Court deems appropriate.

10. Mr. Liu has also represented that two marketing agents in China have agreed to refund $6 million. Attached hereto at **Exhibit 4** is a copy of a letter

CORRIGAN & MORRIS, LLP
ATTORNEYS AT LAW
201 SANTA MONICA BLVD.
SUITE 475
SANTA MONICA, CA. 90401
(310) 394-2800

addressed to the Regional Center, dated May 15, 2016, from Beijing Pacific Damei Consulting Co. Ltd, agreeing to refund all the marketing fees paid to it by the Regional Center.

11. Going forward, Mr. Liu has committed to change the signature cards on Beverly Proton's bank accounts, once the freeze order is lifted, so that I would be the only individual with authority to move funds from any bank account controlled by Beverly Proton. Mr. Liu will have no authority to move any money.

12. Beverly Proton has made significant progress in moving forward with Beverly Proton Center. Attached hereto at **Exhibit 5** is a true and correct copy of milestones achieved.

13. Attached hereto at **Exhibit 6** is a true and correct copy of the business plan for Beverly Proton, which may need to be modified from time-to-time as is typical with all business practice to help the organization be developed and operate in the most cost efficient fashion.

14. Attached hereto at **Exhibit 7** is a true and correct copy of a non-binding Memorandum of Understanding that Beverly Proton signed with Beverly Hospital, a community nonprofit hospital with 65 years of history, documenting the intent for Beverly Hospital to manage the facility when built.

15. Attached hereto at **Exhibit 8** is a true and correct copy of Beverly Proton's contract with Mevion to manufacture the proton treatment machine for $21.4 million. At the execution of that contract, Beverly Proton paid a $3 million non-refundable deposit.

16. Attached hereto at **Exhibit 9** is a true and correct copy of excerpts of Beverly Proton's bank statement reflecting the payment of the $3 million to Mevion.

17. Attached at **Exhibit 10** is a true and correct copy of Beverly Proton's contract with Skanska USA Building, Inc.



CORRIGAN & MORRIS, LLP
ATTORNEYS AT LAW
201 SANTA MONICA BLVD.
SUITE 475
SANTA MONICA, CA. 90401
(310) 394-2800

18. Attached at **Exhibit 11** is a true and correct copy of excerpts of Beverly Proton's bank records detailing payment of $402,504 to Skanska USA Building, Inc.

19. Co-founder, former CEO, and recent protagonist, Dr. Thropay, has leased to Beverly Proton the land on which Beverly Proton has developed plans to build its proton cancer therapy center. The development work and physical plans drawn for that center are unique to that property. Thus far, Beverly Proton's books and records document that it spent $315,487 to improve Dr. Thropay's land to make it suitable to build the proposed treatment center. Attached hereto at **Exhibit 12** is a true and correct copy of an excerpt of Beverly Proton's check register.

20. Attached hereto at **Exhibit 13** is a true and correct copy of the 30-year lease that Beverly Proton entered into with Dr. John P. Thropay.

21. Attached hereto at **Exhibit 14** is a true and correct copy of an excerpt of Beverly Proton's bank records documenting that Beverly Proton paid Dr. John P. Thropay $838,500.

22. Dr. Thropay, who continues to own 25% of the Beverly Proton, has now filed a lawsuit in Los Angeles Superior Court (VCC65552) to attempt to exploit the Commission's asset freeze and cancel its 30-year lease that Beverly Proton has expended more than $1.5 million dollars to secure and develop. I am informed and believe that Dr. Thropay and/or his brother-in-law are actively pursuing EB-5 funding through the Fund's agent, Delsk, an EB-5 funding agent clearing house company in China.

23. On May 11, 2016, I engaged Mr. Donald Wise as the CFO of Beverly Proton. Mr. Wise is a former Arthur Anderson auditor and has years of financial and accounting experience.

24. Attached at **Exhibit 15** is a true and correct copy of an economic impact study detailing the economic impact Beverly Proton is expected to have on



CORRIGAN & MORRIS, LLP
ATTORNEYS AT LAW
201 SANTA MONICA BLVD.
SUITE 475
SANTA MONICA, CA. 90401
(310) 394-2800

Los Angeles.

25. Once the asset freeze is lifted, I intend to engage for Beverly Proton, and its affiliates, experienced securities compliance counsel to ensure compliance with all of the federal and state securities laws and to ensure that each and every issue raised in the Complaint in this action is resolved in a manner that is in the best interests of Beverly Proton.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 20th day of June 2016.

Michael Cogswell



CORRIGAN & MORRIS, LLP
ATTORNEYS AT LAW
201 SANTA MONICA BLVD.
SUITE 475
SANTA MONICA, CA. 90401
(310) 394-2800