JOHN W. BERRY (Cal. Bar No. 295760)
Email: berryj@sec.gov
JACOB A. REGENSTREIF (Cal. Bar No. 234734)
E-mail: regenstreifj@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
Alka N. Patel, Associate Regional Director
John W. Berry, Regional Trial Counsel
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**Southern Division**

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

vs.

CHARLES C. LIU;
XIN WANG a/k/a LISA WANG;
PACIFIC PROTON THERAPY REGIONAL CENTER, LLC;
PACIFIC PROTON EB-5 FUND, LLC;
and BEVERLY PROTON CENTER, LLC f/k/a LOS ANGELES COUNTY PROTON THERAPY, LLC,

Defendants.

Case No. SACV16-00974-CJC (AGRx)

**SECOND SUPPLEMENTAL DECLARATION OF JACOB A. REGENSTREIF IN SUPPORT OF PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S MOTIONS FOR PRELIMINARY INJUNCTION AND MOTION FOR ORDERS REQUIRING THE REPATRIATION OF ASSETS AND ACCOUNTINGS AGAINST ALL DEFENDANTS**

I, Jacob A. Regenstreif, declare pursuant to 28 U.S.C. § 1746 as follows:

1. I am an attorney admitted to practice law by the State Bar of California and by this Court. I am currently a Senior Counsel with Plaintiff Securities and Exchange Commission's ("SEC") Los Angeles Regional Office.

2. I submit this second supplemental declaration in further support of the SEC's request for a Preliminary Injunction and its Motion for Orders Requiring the Repatriation of Assets and Accountings. This declaration is being submitted with and in support of three SEC reply papers: (a) the SEC's Reply Memorandum in Further Support of Preliminary Injunction against Defendant Charles C. Liu; (b) the SEC's Memorandum in Further Support of Preliminary Injunction against Defendant Pacific Proton Therapy Regional Center, LLC, Pacific Proton Eb-5 Fund, LLC and Beverly Proton Center, LLC F/K/A Los Angeles County Proton Therapy, LLC; and (c) the SEC's Reply Memorandum in Further Support of its Motion for Orders Requiring the Repatriation of Assets and Accountings against All Defendants.

3. I have personal knowledge of the matters set forth below, except as otherwise noted, and, if called as a witness, I could and would competently testify under oath to the facts stated herein.

4. As mentioned in my first Supplemental Declaration dated June 3, 2016 (Dkt. No. 15-2), SEC staff personally served a copy of the Court's Temporary Restraining Order, Order to Show Cause Why a Preliminary Injunction Should Not Be Granted, and Orders (1) Freezing Assets; and (2) Prohibiting the Destruction of Documents (the "TRO," *see* Dkt. No. 14) on New York affiliates of Industrial and Commercial Bank, Central Hong Kong, a bank based in Hong Kong ("I&C Bank – Hong Kong"). In connection with doing so, SEC staff was informed that these two entities do not have any visibility into, control over, or access to funds deposited with I&C Bank – Hong Kong. *See* Dkt. No. 15-2, ¶ 8, Ex. 3.

5. Similarly, SEC staff served a copy of the TRO on the New York office of China Merchants Bank Co., Ltd. in Manhattan ("China Merchants Bank"). *See id.*,

¶ 9. After making numerous phone calls to China Merchants Bank, we received a letter dated June 13, 2016 from China Merchants Bank. A true and correct copy of that letter is attached as Exhibit 1.

6. In spite of the efforts of the SEC's Office of International Affairs, to date, the SEC staff has been unable to confirm that I&C Bank – Hong Kong or China Merchants Bank have frozen any assets that are subject to the TRO. Furthermore, the SEC staff has not even received any indication that these banks have received our inquiries seeking that confirmation.

7. As part of its investigation, the SEC subpoenaed records from Mevion Medical Systems, Inc. ("Mevion"), which manufactures proton therapy machines and previously employed Michael Cogswell. In response to that subpoena, Mevion produced documents and records affixed with bates numbers using a "MEVION" prefix. One document produced by Mevion to the SEC is an email to Michael Cogswell dated January 19, 2016 and entitled "Notice of Termination." The email attaches a January 19, 2016 letter on Mevion letterhead to Mr. Cogswell and states that "confirms the termination of your employment." It also attaches a letter of the same date on Mevion letterhead entitled "Release." A true and correct copy of that email, with attachments, is attached as Exhibit 2. Another document produced by Mevion to the SEC is a document on Mevion letterhead that states it was "[h]anded and emailed to Michael Cogswell, SVP Sales and Marketing, by Patricia Davis, VP, General Counsel , on January 12, 2016." A true and correct copy of that document is attached as Exhibit 3.

8. Mevion also produced to the SEC an email to Michael Cogswell, entitled "FGPT Group Ltd" and dated January 15, 2016. A true and correct copy of that email is attached as Exhibit 4. Another document produced by Mevion to the SEC is an email to Michael Cogswell, entitled "FGPT Group Ltd" and dated January 16, 2016. A true and correct copy of that email is attached as Exhibit 5. Mevion also produced to the SEC an email to Michael Cogswell, entitled "RE: NDA for Nantes

Hospital" and dated November 4, 2015. A true and correct copy of that email is attached as Exhibit 6. Mevion also produced an email chain beginning on November 23, 2015 including defendant Charles Liu and Michael Cogswell. A true and correct copy of that email is attached as Exhibit 7.

9. As part of its investigation, the SEC also subpoenaed records from City of Hope Medical Foundation ("City of Hope"), which had engaged in unsuccessful negotiations to provide medical oversight for the proposed proton therapy center. In response to that subpoena, the City of Hope produced documents and records affixed with bates numbers using a "COH-SEC" prefix. One document produced by the City of Hope to the SEC is an email from Charles Liu to Harlan Levine, dated March 21, 2016, in which defendant Liu refers to "UDG" as "my wife's company." A true and correct copy of that email is attached as Exhibit 8. A page from City of Hope's publically available website that I visited at https://www.cityofhope.org/people/levine-harlan, indicates that Mr. Levine is its chief executive. A true and correct copy of a printout of that page is attached as Exhibit 9.

10. A page from the website for the Grenada Embassy – Commercial Attaché Office that I visited at http://grenadachina.org/news.php?class =269&language=e, identifies Xin Wang as "President of United Damei Group" and Xiaojun Chen as "Supervisor of New China Life Insurance Co.," for a May 26, 2015 event in Shanghai. A true and correct copy of a printout of that page is attached as Exhibit 10.

11. Attached as Exhibit 11 is the true and correct copy of the sworn Declaration of Edison Zahn, dated June 23, 2016, along with the four attached exhibits to that declaration.

12. A page from the publically available for Redfin.com, a residential real estate company that provides web-based real estate database services, which I visited at https://www.redfin.com/CA/Laguna-Niguel/[redacted]92677/home

/4913646, provides an estimate for the value of defendant Liu's residence. A true and correct copy of a printout of that website is attached as Exhibit 12.

13. A page from the publically available website for Zillow.com, an online real estate database company, which I visited at http://www.zillow.com/homedetails/[redacted]Laguna-Niguel-CA-92677/25565289_zpid/, provides an estimate for defendant Liu's residence. A true and correct copy of a printout of that website is attached as Exhibit 13.

14. True and correct copies of excerpts from the transcript of the investigative testimony of defendant Liu taken on March 23, 2016 are attached as Exhibit 14.

15. True and correct copies of excerpts from the transcript of the investigative testimony of Wenli Yao taken on May 12, 2016 are attached as Exhibit 15.

16. A true and correct copy of the Background Questionnaire completed by Wenli Yao and dated May 9, 2016 is attached as Exhibit 16.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 27th day of June, 2016 in Los Angeles, California.

*/s/ Jacob A. Regenstreif*
Jacob A. Regenstreif

# PROOF OF SERVICE

I am over the age of 18 years and not a party to this action. My business address is:

U.S. SECURITIES AND EXCHANGE COMMISSION,
444 S. Flower Street, Suite 900, Los Angeles, California 90071
Telephone No. (323) 965-3998; Facsimile No. (213) 443-1904.

On June 27, 2016, I caused to be served the document entitled **DECLARATION OF JOHN W. BERRY IN SUPPORT OF PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S REPLY PAPERS** on all the parties to this action addressed as stated on the attached service list:

☐ **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☒ **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

☐ **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

☐ **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☐ **UNITED PARCEL SERVICE:** By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

☒ **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☒ **E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐ **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date: June 27, 2016

*/s/ Joseph Law*
Joseph Law

***SEC v. Liu et al.***
**United States District Court—Central District of California**
**Case No. SACV16-00974-CJC (AGRx)**

**SERVICE LIST**

*Counsel for Defendant Charles C. Liu:*
Edward Gartenberg, Esq.
Milena Dolukhanyan, Esq.
Gartenberg Gelfand Hayton LLP
15260 Ventura Boulevard, Suite 1920
Sherman Oaks, California 91403
Telephone: (213) 542-2100
Email: egartenberg@gghslaw.com
Email: mdolukhanyan@gghslaw.com

Hervé Gouraige, Esq.
Sills Cummins & Gross P.C.
The Legal Center
One Riverfront Plaza
Newark, New Jersey 07102
Telephone: (973) 643-5989
Email: hgouraige@sillscummis.com

*Defendant Xin Wang a/k/a Lisa Wang:*
[redacted]
Laguna Niguel CA 92677

*Counsel for Defendants Pacific Proton Therapy Regional Center, LLC, Pacific Proton EB-5 Fund, LLC, and Beverly Proton Center, LLC*:
Stanley C. Morris
Corrigan & Morris LLP
201 Santa Monica Boulevard, Suite 475
Sherman Oaks, CA 90401-2212
Telephone: (310) 394-2828
Email: scm@cormorllp.com