1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### Southern Division

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>CHARLES C. LIU;<br>XIN WANG a/k/a LISA WANG;<br>PACIFIC PROTON THERAPY REGIONAL CENTER, LLC;<br>PACIFIC PROTON EB-5 FUND, LLC;<br>and BEVERLY PROTON CENTER, LLC f/k/a LOS ANGELES COUNTY PROTON THERAPY, LLC,<br><br>Defendants. | Case No. SACV16-00974-CJC (AGRx)<br><br>**PRELIMINARY INJUNCTION AGAINST ALL DEFENDANTS** |

This matter came before the Court upon the Application of Plaintiff Securities and Exchange Commission ("SEC") for a Temporary Restraining Order, Order to Show Cause Why a Preliminary Injunction Should Not Be Granted, and Orders (1) Freezing Assets; (2) Repatriating Assets; (3) Requiring Accountings; and (4) Prohibiting the Destruction of Documents (Dkt. No. 4, the "TRO Application"), and upon the SEC's Motion for Orders Requiring the Repatriation of Assets and Accountings (Dkt. No. 15, the "Motion for Repatriation and Accountings")

The Court, having considered the SEC's Complaint, the TRO Application, the supporting Memorandum of Points and Authorities, the supporting declarations and exhibits, and the other evidence and argument presented to the Court, entered a Temporary Restraining Order, Order to Show Cause Why a Preliminary Injunction Should Not Be Granted, and Orders (1) Freezing Assets; and (2) Prohibiting the Destruction of Documents (Dkt. No. 14, the "TRO");

The Court, having considered the Defendants' oppositions to the TRO and the Preliminary Injunction, the Defendants' opposition to the SEC's Motion for Repatriation and Accountings, and the SEC's papers replying thereto, finds that:

    A.    This Court has jurisdiction over the parties to, and the subject matter of, this action.

    B.    The SEC has made a sufficient and proper showing in support of the relief granted herein, as required by Section 20(b) of the Securities Act of 1933 ("Securities Act") (15 U.S.C. s 77t(b)) and Section 21(d) of the Securities Exchange Act of 1934 ("Exchange Act") (15 U.S.C. § 78u(b)) by evidence establishing a *prima facie* case and reasonable likelihood that the Defendants have engaged in, are engaging in, are about to engage in, and will continue to engage in, unless restrained, transactions, acts, practices and courses of business that constitute violations of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a), and Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5

thereunder, 17 C.F.R. § 240.10b-5.

C. Good cause exists to believe that, unless restrained and enjoined by order of this Court, Defendants will dissipate, conceal, or transfer assets which could be the subject to an order directing disgorgement or the payment of civil money penalties in this action. It is appropriate for the Court to issue this Preliminary Injunction to prevent the dissipation of assets.

D. Good cause exists to believe that the repatriation of assets held in foreign locations is necessary.

E. Good cause exists to believe that an accounting of assets is necessary.

F. Good cause exists to believe that, unless restrained and enjoined by order of this Court, Defendants may alter or destroy documents relevant to this action.

## I.

IT IS HEREBY ORDERED that the SEC's a Preliminary Injunction shall issue and the SEC's Motion for Repatriation and Accountings is GRANTED.

## II.

IT IS FURTHER ORDERED that Defendants Charles C. Liu ("Liu"); Xin Wang a/k/a Lisa Wang ("Wang"); Pacific Proton Therapy Regional Center, LLC ("Pacific Proton"); Pacific Proton EB-5 Fund, LLC ("PPEB5 Fund"); and Beverly Proton Center, LLC f/k/a Los Angeles County Proton Therapy, LLC ("Beverly Proton"), and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, in the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails:

2

1  A. employing any device, scheme or artifice to defraud;
2  B. obtaining money or property by means of any untrue statement of a
3  material fact or any omission to state a material fact necessary in order to
4  make the statements made, in light of the circumstances under which
5  they were made, not misleading; or
6  C. engaging in any transaction, practice, or course of business which
7  operates or would operate as a fraud or deceit upon the purchaser;
8  in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

### III.

10  IT IS FURTHER ORDERED that Defendants Liu, Wang, Pacific Proton,
11  PPEB5 Fund and Beverly Proton, and their officers, agents, servants, employees,
12  attorneys, subsidiaries and affiliates, and those persons in active concert or
13  participation with any of them, who receive actual notice of this Order, by personal
14  service or otherwise, and each of them, be and hereby are preliminarily restrained and
15  enjoined from, directly or indirectly, in connection with the purchase or sale of any
16  security, by the use of any means or instrumentality of interstate commerce, or of the
17  mails, or of any facility of any national securities exchange:
18  A. employing any device, scheme or artifice to defraud; or
19  B. engaging in any act, practice, or course of business which operates or
20  would operate as a fraud or deceit upon any person;
21  in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rules 10b-
22  5(a) and (c) thereunder, 17 C.F.R. §§ 240.10b-5(a) & (c).

### IV.

24  IT IS FURTHER ORDERED that Defendants Liu, Pacific Proton, PPEB5
25  Fund and Beverly Proton, and their officers, agents, servants, employees, attorneys,
26  subsidiaries and affiliates, and those persons in active concert or participation with
27  any of them, who receive actual notice of this Order, by personal service or
28  otherwise, and each of them, be and hereby are preliminarily restrained and enjoined

3

1  from, directly or indirectly, in connection with the purchase or sale of any security,
2  by the use of any means or instrumentality of interstate commerce, or of the mails, or
3  of any facility of any national securities exchange, making any untrue statement of a
4  material fact or omitting to state a material fact necessary in order to make the
5  statements made, in the light of the circumstances under which they were made, not
6  misleading; in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b),
7  and Rule 10b-5(b) thereunder, 17 C.F.R. § 240.10b-5(b).

## V.

9  IT IS FURTHER ORDERED that Defendants Liu, Wang, Pacific Proton,
10 PPEB5 Fund and Beverly Proton, and their officers, agents, servants, employees,
11 attorneys, subsidiaries and affiliates, and those persons in active concert or
12 participation with any of them, who receive actual notice of this Order, by personal
13 service or otherwise, and each of them, be and hereby are preliminarily restrained and
14 enjoined from, directly or indirectly, participating in the offer or sale of any security
15 which constitutes an investment in a "commercial enterprise" under the United States
16 Government EB-5 visa program administered by the United States Citizenship and
17 Immigration Service ("USCIS"), including engaging in activities with a broker,
18 dealer, or issuer, or a Regional Center designated by the USCIS, for purposes of
19 issuing, offering, trading, or inducing or attempting to induce the purchase or sale of
20 any such EB-5 investment.

## VI.

22 IT IS FURTHER ORDERED that, except as otherwise ordered by this Court,
23 Defendants Liu, Wang, Pacific Proton, PPEB5 Fund and Beverly Proton, and their
24 officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those
25 persons in active concert with them, who receive actual notice of this Order, by
26 personal service or otherwise, and each of them, be and hereby are preliminarily
27 restrained and enjoined from, directly or indirectly, transferring, assigning, selling,
28 hypothecating, changing, wasting, dissipating, converting, concealing, encumbering,

4

or otherwise disposing of, in any manner, any funds, assets, securities, claims or other real or personal property, including any notes or deeds of trust or other interest in real property, wherever located, of any one of the Defendants, or their subsidiaries or affiliates, owned by, controlled by, managed by or in the possession or custody of any of them and from transferring, encumbering dissipating, incurring charges or cash advances on any debit or credit card of the credit arrangement of any one of the Defendants, or their subsidiaries and affiliates.

## VII.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, the freeze, previously ordered by the TRO, shall remain in place on all monies and assets (with an allowance for necessary and reasonable living expenses to be granted only upon good cause shown by application to the Court with notice to and an opportunity for the SEC to be heard) in all accounts at any bank, financial institution or brokerage firm, or third-payment payment processor, all certificates of deposit, and other funds or assets, held in the name of, for the benefit of, or over which account authority is held by Defendants Liu, Wang, Pacific Proton, PPEB5 Fund and Beverly Proton, or by United Damei Group, United Damei Investment Company, Ltd. and/or Beijing Pacific Damei Consulting Co. Ltd. (collectively, "UDG"), including but not limited to the accounts listed below:

| BANK NAME | ACCOUNT NAME | ACCOUNT NO. |
| --- | --- | --- |
| Bank of America, N.A. | Charles Liu | unknown |
| J.P. Morgan Chase Bank, N.A. | Charles Liu | xxxxx3076 |
| J.P. Morgan Chase Bank, N.A. | Charles Liu | xxxxx1055 |
| J.P. Morgan Chase Bank, N.A. | Xin Wang | xxxxx3983 |
| J.P. Morgan Chase Bank, N.A. | Pacific Proton Therapy Regional Center, LLC | xxxxx6428 |

| BANK NAME | ACCOUNT NAME | ACCOUNT NO. |
|---|---|---|
| J.P. Morgan Chase Bank, N.A. | Pacific Proton EB-5 Fund, LLC | xxxxx1028 |
| J.P. Morgan Chase Bank, N.A. | Los Angeles County Proton Therapy, LLC | xxxxx5152 |
| J.P. Morgan Chase Bank, N.A. | United MPH Ventures, LLC | xxxxx7035 |
| J.P. Morgan Chase Bank, N.A. | MP Medical Hotel, Inc. | xxxxx9018 |
| J.P. Morgan Chase Bank, N.A. | SC MPH Fund, LP | xxxxx2522 |
| J.P. Morgan Chase Bank, N.A. | SC MPH Management, LLC | xxxxx2978 |
| Citibank, N.A. | Charles Liu | xxxxxxx0486 |
| East West Bank | Pacific Proton Regional Center LLC by Atlantic Escrow Corporation as escrow agent | xxxx9509 |
| Industrial and Commercial Bank of China | United Damei Group | unknown |
| Industrial and Commercial Bank of China | Beijing Pacific Damei Consulting Co., Ltd. | unknown |
| Wells Fargo Bank, N.A. | Xin Wang | xxxxxx9793 |
| China Merchants Bank Co. Ltd., Hong Kong | unknown | unknown |
| Bank of America N.A. /0959 A/C: Grenada Co-operative Bank Limited, St. Georges, Grenada | unknown | unknown |

Any bank, financial institution or brokerage firm, or third-party payment processor holding such monies and assets described above shall hold and retain

6

within their control and prohibit the withdrawal, removal, transfer or other disposal of any such funds or other assets except as otherwise ordered by this Court.

## VIII.

IT IS FURTHER ORDERED that, within ten days from the date of this Order, Defendants Liu and Wang, any bank, financial institution or brokerage firm, and each of them, shall transfer to the accounts of the Court-appointed Monitor, funds and other property held in foreign locations in the name of any Defendant or UDG, or for the benefit or under the direct or indirect control of any of them, or over which any of them exercises control or signatory authority, that is equal to the value of all funds transferred by investors, whether by wire transfer, third-party payment processor or otherwise, at the direction of Defendants Liu or Wang, or any of their agents, representatives or accredited advisors.

## IX.

IT IS FURTHER ORDERED that Defendants, within five days of the issuance of this Order, shall prepare and deliver to the SEC a detailed and complete schedule of all of their respective assets, including all real and personal property exceeding $5,000 in value, and all bank, securities, and other accounts identified by institution, branch address and account number. The accounting shall include a description of the sources of all such assets. Such accounting shall be filed with the Court-appointed Monitor and a copy shall be delivered to the SEC to the attention of John Berry, counsel for the SEC. After completion of the accounting, each of the Defendants shall produce to the SEC, at a time agreeable to the SEC, all books, records and other documents supporting or underlying their accounting.

## X.

IT IS FURTHER ORDERED that any person who receives actual notice of this Order by personal service or otherwise, and who holds, possesses or controls assets exceeding $5,000 for the account or benefit of any one of the Defendants, shall within five days of receiving actual notice of this Order provide the Court-appointed

Monitor and counsel for the SEC with a written statement identifying all such assets, the value of such assets, or best approximation thereof, and any account numbers or account names in which the assets are held.

## XI.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, each of the Defendants Liu, Wang, Pacific Proton, PPEB5 Fund and Beverly Proton, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly: destroying, mutilating, concealing, transferring, altering, or otherwise disposing of, in any manner, any documents, which includes all books, records, computer programs, computer files, computer printouts, contracts, emails, correspondence, memoranda, brochures, or any other documents of any kind in their possession, custody or control, however created, produced, or stored (manually, mechanically, electronically, or otherwise), pertaining in any manner to Defendants Liu, Wang, Pacific Proton, PPEB5 Fund and Beverly Proton.

## XII.

IT IS FURTHER ORDERED that copies of this Order may be served by facsimile, email, hand-delivery, personal or overnight delivery, or U.S. Mail, by agents and employees of the SEC or any state or federal law enforcement agency or by private process server, upon any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of any Defendant , or that may otherwise be subject to any provision of this Order. Service upon any branch or office of any financial institution shall effect service upon the entire Financial Institution.

## XIII.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over this

action for the purpose of implementing and carrying out the terms of all orders and decrees which may be entered herein and to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

IT IS SO ORDERED, this date of July 11, 2016 at 11:00 a.m, Pacific Standard Time.

Dated: July 11, 2016

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE