Sills Cummis & Gross P.C.

DECLARATION OF HERVÉ GOURAIGE

I, Hervé Gouraige, do say and declare as follows:

1. I am an attorney at law, admitted *pro hac vice* in the Central District of California in this matter and a member in good standing of the bars of New Jersey and New York. I am a member of the law firm of Sills Cummis & Gross P.C., attorneys for Defendant Charles C. Liu ("Mr. Liu") in this action. I have personal knowledge of the facts stated in this declaration and, if called as a witness, could testify competently to these facts.

2. By letter dated July 18, 2016, counsel for Mr. Liu advised the SEC that certain provisions of the Preliminary Injunction and the Order Appointing a Monitor violate Mr. Liu's fifth amendment rights and that Mr. Liu intends to assert those rights so that he may be excused from compliance with those provisions. The provisions cited in the July 18 letter include Sections VIII and IX of the Preliminary Injunction. True and correct copies of the July 11, 2016 Preliminary Injunction and Order Appointing a Monitor and the July 18, 2016 Letter from H. Gouraige to J. Berry are attached hereto as Exhibits 1 and 2, respectively.

3. On July 19, 2016, I participated in a telephonic conference with SEC counsel John W. Berry and Gary Y. Leung to discuss the July 18 letter and Mr. Liu's positions stated therein.

4. During this conference call, I informed SEC counsel that I wanted to find out if it made sense to stipulate to extend the compliance dates for the Sections of the Injunction to which Mr. Liu had asserted his fifth amendment rights so that further discussions to resolve or narrow our differences could occur. Alternatively, I advised SEC counsel that if we could not agree, Mr. Liu would make an application for relief to the Court.

5. SEC counsel expressed their disagreements with the positions we had taken on behalf of Mr. Liu in the July 18 letter. We then informed SEC

Sills Cummis & Gross P.C.

counsel we would make this application. During the call, the SEC advised that it would not agree to an extension and would oppose any application for one. Between July 19 and 20, counsel for the SEC and I had further exchange of correspondence that revealed deeper disagreement. Copies of letters from Gary Y. Leung to H. Gouraige dated July 19, 2016 and from H. Gouraige to G. Leung dated July 20, 2016 are attached hereto as Exhibits 3 and 4, respectively.

6. Because of the SEC's position, I intend to file a motion for relief from Sections VIII and IX of the Injunction based on the fifth amendment on July 26, 2016, the earliest that Mr. Liu can file his motion under the local rules.

7. The Court's Injunction and Monitor Order were communicated to me and Mr. Liu on July 11. On information and belief, Mr. Liu is currently in China. Counsel for Mr. Liu discussed the Court Orders with him on July 12, and on or about July 14, Mr. Liu advised counsel of his decision to rely on the fifth amendment. After researching the issues, counsel for Mr. Liu sent the July 18 letter to the SEC, which resulted in the disagreement that necessitates the motion that Mr. Liu wishes to make.

8. Accordingly, Mr. Liu seeks an extension of time to comply with Sections VIII and IX to July 26. In addition, upon the filing of the motion on July 26, Mr. Liu hereby requests that the Court stay the enforcement only of Sections VIII and IX of the Injunction until the motion has been decided.

9. Notice. On July 19, 2016, I had a telephonic conference with John W. Berry and Gary Y. Leung, counsel for the SEC. During this conference, I notified counsel for the SEC that Mr. Liu would be filing this *ex parte* application. That same day I sent counsel for the SEC an email advising that Mr. Liu's *ex parte* application would seek to extend the time to comply to July 26, the date that I intend to file Mr. Liu's motion for relief from Section VIII.

Executed this 20th day of July, 2016, in Newark, New Jersey.

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Hervé Gouraige

Sills Cummis & Gross P.C.