JOHN W. BERRY (Cal. Bar No. 295760)
Email: berryj@sec.gov
GARY Y. LEUNG (Cal. Bar No. 302928)
Email: leungg@sec.gov
JACOB A. REGENSTREIF (Cal. Bar No. 234734)
E-mail: regenstreifj@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
John W. Berry, Associate Regional Director
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**Southern Division**

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

vs.

CHARLES C. LIU; XIN WANG a/k/a LISA WANG; PACIFIC PROTON THERAPY REGIONAL CENTER, LLC; PACIFIC PROTON EB-5 FUND, LLC; and BEVERLY PROTON CENTER, LLC f/k/a LOS ANGELES COUNTY PROTON THERAPY, LLC,

Defendants.

Case No. SACV16-00974-CJC (AGRx)

**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S SUPPLEMENTAL BRIEF REGARDING CIVIL PENALTIES AGAINST DEFENDANTS CHARLES LIU AND XIN (LISA) WANG**

Date: February 27, 2017
Time: 1:30 p.m.
Ctrm: 9B
Judge: Hon. Cormac J. Carney

# I. INTRODUCTION

On January 4, 2017, the Securities and Exchange Commission ("SEC") moved for summary judgment against defendants Charles Liu and Xin (Lisa) Wang, seeking to hold them liable on all claims asserted against them in this case and to have them pay disgorgement and prejudgment interest in the amount of $26,822,128.87. *See* Dkt. Nos. 199, 199-1. At a hearing on that motion on February 6, 2017, the Court tentatively indicated that it would grant the SEC's motion in full, and then issued a minute order directing the parties to provide additional briefing on the penalties to be imposed against Liu and Wang. *See* Dkt. No. 218.

With this supplemental brief, the SEC seeks an order imposing specific civil penalties against Liu and Wang. The SEC asks the Court to order Liu to pay a $6,714,580 penalty and Wang to pay a $5,353,000 penalty. By statute, this Court has the authority to impose civil penalties against defendants in securities fraud cases that equal the "gross pecuniary gain" from their fraud. And that is precisely what the SEC seeks here—as the record establishes, Liu personally took $6,714,580 of investor money, and Wang took $1,538,000 for herself, and another $3,815,000 for her company, United Damei Group, United Damei Investment Company, Ltd., and Beijing Pacific Damei Consulting Co. Ltd. (collectively, "UDG").

In addition to disgorgement, which is an equitable remedy that requires Liu and Wang, jointly and severally, to return their ill-gotten gains from their fraud, an order imposing these penalties will sufficiently punish them for their egregious fraud, and will act as a proper deterrent for any future fraudsters. Liu and Wang raised more than $26 million from investors, and then pocketed more than $12 million of that for themselves or Wang's company. It is appropriate, therefore, to penalize them, and to impose a penalty in the exact amount they stole.

Accompanying this motion is a proposed order and judgment, the latter of which contains all of the relief, including injunctive and disgorgement relief, that the SEC has sought with this motion and with its previous summary judgment motion.

**II. ARGUMENT**

The SEC brought claims against Liu and Wang under the antifraud provisions of both the Securities Exchange Act of 1934 (the "Exchange Act") and the Securities Act of 1933 (the "Securities Act"), and each Act has provisions that expressly allow the SEC to seek, and a court to impose, civil monetary penalties against those who have violated these provisions. *See* 15 U.S.C. §78u(d)(3)(A) (Exchange Act Section 21(d)(3)(A)); 15 U.S.C. § 77t(d)(2) (Securities Act Section 20(d)(2)). Congress enacted these penalty provisions in order to achieve the dual goals of punishing the individual violator and to deter future violations. *See SEC v. Marker*, 427 F. Supp. 2d 583, 592 (M.D. Fla. 2006) (*citing SEC v. Coates*, 137 F. Supp. 2d 413, 428 (S.D.N.Y. 2001)); *SEC v. Palmisano*, 135 F.2d 860, 866 (2d Cir. 1998). The deterrence of securities law violations through the imposition of monetary sanctions serves several important goals, including encouraging investor confidence, increasing the efficiency of financial markets, and promoting stability in the securities industry. *See Palmisano*, 135 F.2d at 866.

The Exchange Act and Securities Act provide for three tiers of penalties, and the amount of any penalty is to be "determined by the court in light of the facts and circumstances." 15 U.S.C. §§ 78u(d)(3)(B), 77t(d). First tier penalties may be imposed for any violation of either Act. *See id*. §§ 78u(d)(3)(B)(i), 77t(d)(3)(B)(i). Second tier penalties apply to violations that "involved fraud, deceit, manipulation or deliberate or reckless disregard of a regulatory requirement." *Id*. §§ 78u(d)(3)(B)(ii), 77t(d)(3)(B)(ii). Third tier penalties apply to violations that (i) involve "fraud, deceit, manipulation, or reckless disregard of a regulatory requirement" and (ii) "directly or indirectly resulted in substantial losses or created a significant risk of substantial losses to other persons." *Id*. §§ 78u(d)(3)(B)(iii), 77t(d)(3)(B)(iii).

Third tier penalties are more than justified here give the egregiousness of the defendants' fraud. By statute, and consistent with the goal of deterrence, this Court may award third tier penalties of up to either "the gross amount of pecuniary gain to

the defendant as a result" of the defendant's securities law violations or $150,000, whichever is higher. 15 U.S.C. § 78u(d)(3)((B)(iii), 77t(d)(3)(B)(iii).

The specific amount of the civil penalty imposed is within a court's discretion. *See Olins*, 769 F. Supp. 2d at 1199 (citing *SEC v. Moran*, 944 F. Supp. 286, 296-97 (S.D.N.Y. 1996)). In determining the amount, courts frequently consider the factors used for determining the appropriateness of injunctive relief set forth in *SEC v. Murphy*, 626 F.2d 633 (9th Cir. 1980). *See, e.g., SEC v. Abacus International Holding Corp.*, 2001 WL 940913, *5 (N.D. Cal. Aug. 16, 2001); *SEC v. Gowrish*, 2011 WL 2790482, *9 (N.D. Cal. Jul. 14, 2011). Those factors are: (1) the degree of scienter involved; (2) the isolated or recurrent nature of the infraction; (3) the defendant's recognition of the wrongful nature of his conduct; (4) the likelihood, because of the defendant's professional occupation, that future violations might occur; and (5) the sincerity of his assurances against future violations. *See Murphy*, 626 F.2d at 655; *see also SEC v. CMKM Diamonds, Inc.*, 635 F. Supp. 2d 1185, 1192 (D. Nev. 2009).

All of these factors weigh in favor of a third tier penalty against both Liu and Wang. As demonstrated by the SEC's summary judgment motion papers, Liu and Wang engaged in a massive fraud on investors with a high degree of scienter. They knew exactly what they were doing when they took more than $21 million in investor funds over a multi-year period. There is also evidence that they are involved in other EB-5 investment projects apart from the Pacific Proton investment that forms the basis for this case. *See* Dkt. No. 211-1, Ex. 1 (Liu Inv. Tr.) at 12:15-16:16, 18:3-21:5 (describing Liu's other contemplated projects relating to EB-5 capital investments). They have offered this Court no assurances against future violations, and given their sustained activity in the EB-5 space, there remains an actual potential of future violations.

For Liu, the SEC proposes a $6,714,580 penalty. The amount a defendant misappropriated from investors is an appropriate measure of pecuniary gain in SEC

enforcement actions. *See, e.g., SEC v. Nevatia*, No. 14-CV-05273, 2015 WL 6912006, at *9 (D. Nev. Oct. 19, 2015); *SEC v. Wilde*, No. SACV 11-0315 DOC (AJWx), 2012 WL 6621747, at *16 (C.D. Cal. Dec. 17, 2012). The record establishes that Liu took $6,714,580 from the money he raised from investors. *See* Dkt. No. 16 at ¶¶ 12-15, 20. And he took most of that money (over $4.2 million) in February and March 2016, after he learned about the SEC's investigation of his business and was served with an SEC investigative subpoena. *See id.* ¶ 20; Dkt. No. 7 at ¶ 20, Ex. 8. Liu has never disputed he took this money.

As for Wang, the SEC proposes a penalty of $5,353,000. Like Liu, she has not been able to dispute the fact that she misappropriated investor money. Specifically, the record shows that she took $1,538,000. *See* Dkt. No. 6 at ¶ 28. The record also establishes that she controlled UDG, and that UDG took $3,815,000 of investor money. *See* Dkt. No. 16 at ¶ 25(b); Dkt. No. 58 at 8-9 (summarizing evidence of Wang's control over UDG); Dkt. No. 76 at 22 (order granting preliminary injunction, holding evidence presented by defendants "does not refute the SEC's now considerable evidence that Wang controlled UDG"). And also like Liu, most of the money that she diverted to her own bank accounts was taken in early 2016, when the SEC surfaced. *See* Dkt. No. 16 at ¶ 21 (Wang took $996,000 in January, February and March 2016). Wang should therefore be assessed a penalty based on both her own personal gain from the fraud, as well as the wrongful gain of her company, UDG. *See, e.g., SEC v. Valdez*, No. 15-20664, 2016 WL 4784018, at *1 (5th Cir. Sept. 13, 2016) (unpublished decision) (SEC can seek civil penalties against the individual defendants equal to the amount raised by the entities they controlled); *SEC v. GTF Enterprises, Inc.*, No. 10-CV-4258 (RA), 2015 WL 728159, at *2, n.2, 4 (S.D.N.Y. Feb. 19, 2015) (similar).[1]

---

[1] In its summary judgment papers, the SEC sought an order holding Liu and Wang jointly and severally liable for disgorgement in the amount of $26,733,018.81, which represents the gross proceeds they raised from investors, less the minimal amount of

## III. CONCLUSION

The SEC has previously asked the Court to order Liu and Wang to pay, jointly and severally, $26,733,018.81 in disgorgement, plus $89,110.06 in prejudgment interest, for a total of $26,822,128.87. In addition to that equitable remedy, the SEC, for the foregoing reasons, respectfully requests that the Court order Liu to pay a third tier civil penalty of $6,714,580 and Wang to pay a third tier civil penalty of $5,353,000, for a total monetary award against Liu of $33,536,708.87 and against Wang of $32,175,128.87.

The accompanying proposed judgment includes a provision that permits the SEC to hold any payments by Liu and Wang in a "Fair Fund" for distribution to investors, upon approval by the Court, in accordance with Section 308(a) of the Sarbanes-Oxley Act. *See* 15 U.S.C. § 7246(a).

Dated: February 8, 2017

*/s/ John W. Berry*
John W. Berry
Gary Y. Leung
Attorneys for Plaintiff
Securities and Exchange Commission

---

funds remaining in the entity defendants' bank accounts. That is an appropriate measure of disgorgement under controlling Ninth Circuit authority. *See SEC v. JT Wallenbrock & Associates*, 440 F.3d 1109, 1111-13 (9th Cir. 2006) (affirming disgorgement award of $139.4 million, which represented "the entire proceeds from the scheme less amounts paid to investors" because it "would be unjust to permit the defendants to offset against the investor dollars they received the expenses of running the very business they created to defraud those investors into giving the defendants the money in the first place"). As for civil penalties, the SEC's proposed amounts are in fact conservative—there is authority that this Court has discretion to likewise award civil penalties in an amount equal to the gross proceeds raised by entities under a defendant's control—in this case, $26.8 million as to Liu. *See Valdez*, *supra*; *GTF Enterp.*, *supra*.

**PROOF OF SERVICE**

I am over the age of 18 years and not a party to this action. My business address is:

U.S. SECURITIES AND EXCHANGE COMMISSION,
444 S. Flower Street, Suite 900, Los Angeles, California 90071
Telephone No. (323) 965-3998; Facsimile No. (213) 443-1904.

On February 8, 2017, I caused to be served the document entitled **PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S SUPPLEMENTAL BRIEF REGARDING CIVIL PENALTIES AGAINST DEFENDANTS CHARLES LIU AND XIN (LISA) WANG** on all the parties to this action addressed as stated on the attached service list:

☐ **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐ **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

☐ **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

☐ **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☒ **UNITED PARCEL SERVICE:** By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

☒ **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☒ **E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐ **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date: February 8, 2017

*/s/ Joseph Law*
Joseph Law

***SEC v. Liu et al.***
**United States District Court—Central District of California**
**Case No. SACV16-00974-CJC (AGRx)**

## SERVICE LIST

*Counsel for Defendants Charles C. Liu and Xin Wang a/k/a Lisa Wang*:

Hervé Gouraige, Esq.
Sills Cummis & Gross P.C.
The Legal Center
One Riverfront Plaza
Newark, New Jersey 07102
Email: hgouraige@sillscummis.com

Lawrence B. Steinberg
Buchalter Nemer, P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-1730
Email: LSteinberg@buchalter.com

*Defendants Pacific Proton Therapy Regional Center, LLC and Beverly Proton Center, LLC:*

(*on counsel for Charles C. Liu¸ the controlling shareholder of each*)
Hervé Gouraige, Esq.
Sills Cummis & Gross P.C.
The Legal Center
One Riverfront Plaza
Newark, New Jersey 07102
Email: hgouraige@sillscummis.com

Lawrence B. Steinberg
Buchalter Nemer, P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-1730
Email: LSteinberg@buchalter.com

(*on Charles C. Liu¸ controlling shareholder of each*)
c/o Charles C. Liu
Commercial Counsellor's Office
Grenada Embassy, Beijing

Suite 450, Shunfudasha
37 Maizidian Jie
Chaoyang District
Beijing, China 100125
Email: charlesliul26@gmail.com
Email: charlesliu@me.com
Email: liu@pptus.com

*Defendant Pacific Proton EB-5 Fund, LLC*:

(*on Charles C. Liu¸ controlling shareholder of the manager*)
c/o Charles C. Liu
Commercial Counsellor's Office
Grenada Embassy, Beijing
Suite 450, Shunfudasha
37 Maizidian Jie
Chaoyang District
Beijing, China 100125
Email: charlesliul26@gmail.com
Email: charlesliu@me.com
Email: liu@pptus.com