**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No.: SACV 16-00974-CJC(AGRx) |
| Plaintiff, | **FINAL JUDGMENT AND PERMANENT INJUNCTION AS TO DEFENDANTS LIU AND WANG** |
| v. | |
| CHARLES C. LIU; XIN WANG a/k/a LISA WANG; PACIFIC PROTON THERAPY REGIONAL CENTER, LLC; PACIFIC PROTON EB-5 FUND, LLC; and BEVERLY PROTON CENTER, LLC f/k/a LOS ANGELES COUNTY PROTON THERAPY, LLC, | |
| Defendants. | |

-1-

This matter came before the Court on Plaintiff Securities and Exchange Commission ("SEC" or "Commission")'s motion for summary judgment as to Defendants Charles C. Liu and Xin Wang. (Dkt. 199.) On April 7, 2017, the Court issued an Order granting the SEC's motion. In accordance with the Court's Order, IT IS HEREBY ORDERED that judgment is entered in favor of the SEC. Defendants Liu and Wang are jointly and severally liable for disgorgement of $26,733,018.81 and prejudgment interest thereon in the amount of $89,110.06. Defendant Liu is further liable for a civil penalty of $6,714,580 and Defendant Wang is further liable for a civil penalty of $1,538,000.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Liu and Wang are permanently restrained and enjoined from violating Section 17(a)(2) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, to obtain money or property directly or indirectly by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Liu's or Wang's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Liu or Wang or with anyone described in (a).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Liu and Wang, and their officers, agents, servants, employees, attorneys (in their

representative capacity for Defendants Liu and Wang), subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are permanently restrained and enjoined from, directly or indirectly, participating in the offer or sale of any security which constitutes an investment in a "commercial enterprise" under the United States Government EB-5 visa program administered by the United States Citizenship and Immigration Service ("USCIS"), including engaging in activities with a broker, dealer, or issuer, or a Regional Center designated by the USCIS, for purposes of issuing, offering, trading, or inducing or attempting to induce the purchase or sale of any such EB-5 investment.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Order.

IT IS SO ORDERED.

DATED: April 20, 2017

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE