1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10                             **Southern Division**

11

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No.  SACV16-00974-CJC (AGRx) |
| Plaintiff, | **FINAL JUDGMENT AS TO DEFENDANTS PACIFIC PROTON THERAPY REGIONAL CENTER, LLC; PACIFIC PROTON EB-5 FUND, LLC; and BEVERLY PROTON CENTER, LLC f/k/a LOS ANGELES COUNTY PROTON THERAPY, LLC** |
| vs. | |
| CHARLES C. LIU; XIN WANG a/k/a LISA WANG; PACIFIC PROTON THERAPY REGIONAL CENTER, LLC; PACIFIC PROTON EB-5 FUND, LLC; and BEVERLY PROTON CENTER, LLC f/k/a LOS ANGELES COUNTY PROTON THERAPY, LLC, | |
| Defendants. | |

The Securities and Exchange Commission ("SEC" or the "Commission") having filed a Complaint and Defendants Pacific Proton Therapy Regional Center, LLC, Pacific Proton EB-5 Fund, LLC, and Beverly Proton Center, LLC f/k/a Los Angeles County Proton Therapy, LLC, having entered a general appearance; consented to the Court's jurisdiction over Defendants and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

**I.**

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Defendants are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, directly or indirectly:

    A.    to employ any device, scheme or artifice to defraud;

    B.    to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    C.    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

**II.**

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendants are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. §78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5(a) and (c)], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    A.    to employ any device, scheme or artifice to defraud;

    B.    to make any untrue statement of a material fact or omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    C.    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person; or

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

**III.**

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendants, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are permanently restrained and enjoined from, directly or indirectly, participating in the offer or sale of any security which constitutes an investment in a "commercial enterprise" under the United States Government EB-5 visa program

2

administered by the United States Citizenship and Immigration Service ("USCIS"), including engaging in activities with a broker, dealer, or issuer, or a Regional Center designated by the USCIS, for purposes of issuing, offering, trading, or inducing or attempting to induce the purchase or sale of any such EB-5 investment.

**IV.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that: defendant Pacific Proton Therapy Regional Center, LLC is liable for disgorgement of $2,255,701.00, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $7,519.00; and defendant Pacific Proton EB-5 Fund, LLC is liable for disgorgement of $24,712,217.00, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $82,374.06. Defendants Pacific Proton Therapy Regional Center, LLC and Pacific Proton EB-5 Fund, LLC shall satisfy this obligation by paying the above-referenced amounts to the Securities and Exchange Commission within 14 days after entry of this Final Judgment. Defendants' disgorgement and prejudgment interest obligation shall be credited by any amounts paid by the court-appointed receiver, Michael A. Grassmueck ("Receiver"), to the Securities and Exchange Commission upon the Receiver's discharge by the Court.

Defendants may transmit payment electronically to the SEC, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

      Enterprise Services Center

      Accounts Receivable Branch

      6500 South MacArthur Boulevard

| | |
|---|---|
| 1 | Oklahoma City, OK 73169 |
| 2 | and shall be accompanied by a letter identifying the case title, civil action number, |
| 3 | and name of this Court; Pacific Proton Therapy Regional Center, LLC, Pacific Proton |
| 4 | EB-5 Fund, LLC, and Beverly Proton Center, LLC f/k/a Los Angeles County Proton |
| 5 | Therapy, LLC as defendants in this action; and specifying that payment is made |
| 6 | pursuant to this Final Judgment. |
| 7 | Defendants shall simultaneously transmit photocopies of evidence of payment |
| 8 | and case identifying information to the SEC's counsel in this action. By making this |
| 9 | payment, Defendants relinquish all legal and equitable right, title, and interest in such |
| 10 | funds and no part of the funds shall be returned to Defendants. The Commission |
| 11 | shall send the funds paid pursuant to this Final Judgment to the United States |
| 12 | Treasury. |
| 13 | The SEC may enforce the Court's judgment for disgorgement and prejudgment |
| 14 | interest by moving for civil contempt (and/or through other collection procedures |
| 15 | authorized by law) at any time after 14 days following entry of this Final Judgment. |
| 16 | Defendants shall pay post judgment interest on any delinquent amounts pursuant to |
| 17 | 28 U.S.C. § 1961. |
| 18 | **V.** |
| 19 | IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the SEC |
| 20 | has determined to forego seeking a civil penalty against Defendants, and the claim for |
| 21 | a civil penalty against Defendants is hereby withdrawn. |
| 22 | |
| 23 | **VI.** |
| 24 | IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court |
| 25 | // |
| 26 | // |
| 27 | // |
| 28 | // |

1 shall retain jurisdiction of this matter for the purposes of enforcing the terms of this

2 Final Judgment.

3

4 IT IS SO ORDERED.

5

6 Dated:  February 5, 2018

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE