

FILED
CLERK, U.S. DISTRICT COURT
12/8/2020
CENTRAL DISTRICT OF CALIFORNIA
BY: ____CW____ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### Southern Division

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>CHARLES C. LIU;<br>XIN WANG a/k/a LISA WANG;<br>PACIFIC PROTON THERAPY REGIONAL CENTER, LLC;<br>PACIFIC PROTON EB-5 FUND, LLC; and BEVERLY PROTON CENTER, LLC f/k/a LOS ANGELES COUNTY PROTON THERAPY, LLC,<br><br>Defendants. | Case No. SACV16-00974-CJC (AGRx)<br><br>[~~PROPOSED~~] **PRELIMINARY INJUNCTION** |

This matter came before the Court upon Plaintiff Securities and Exchange Commission's ("SEC") Motion for the Continuation of This Court's Asset Freeze;

The Court, on May 31, 2016, having previously considered Plaintiff SEC's Complaint, the SEC's Application for a Temporary Restraining Order, Order to Show Cause Why a Preliminary Injunction Should Not Be Granted, and Orders (1) Freezing Assets; (2) Repatriating Assets; (3) Requiring Accountings; and (4) Prohibiting the Destruction of Documents (Dkt. No. 4, the "TRO Application"), the supporting Memorandum of Points and Authorities, the supporting declarations and exhibits, and the other evidence and argument presented to the Court, entered a Temporary Restraining Order, Order to Show Cause Why a Preliminary Injunction Should Not Be Granted, and Orders (1) Freezing Assets; and (2) Prohibiting the Destruction of Documents (Dkt. No. 14, the "TRO") that, *inter alia*, froze Defendants Charles C. Liu's and Xin (Lisa) Wang's and Defendants Pacific Proton Therapy Regional Center, LLC's ("Pacific Proton"), Pacific Proton EB-5 Fund, LLC's ("PPEB5 Fund"), and Beverly Proton Center, LLC's f/k/a Los Angeles County Proton Therapy, LLC's ("Beverly Proton") (collectively, "Corporate Defendants") assets;

The Court, on July 11, 2016, having previously considered the Defendants' oppositions to the TRO and the Preliminary Injunction, the SEC's Motion for Orders Requiring the Repatriation of Assets and Accountings (Dkt. No. 15, the "Motion for Repatriation and Accountings") and the Defendants' opposition to that motion, and the SEC's papers replying thereto, issued and entered the Preliminary Injunction that *inter alia* froze defendant Liu's and Wang's and the Corporate Defendants' assets, and granted the SEC's Motion for Repatriation and Accountings (Dkt. Nos. 76, 77);

The Court, on July 21 and 26, 2016, having stayed enforcement of Sections VIII and IX of the Preliminary Injunction insofar as those provisions, which ordered repatriation and accountings, apply to Defendants Liu and Wang until resolution of the Fifth Amendment Motion (Dkt. Nos. 95, 107, collectively, the "Stay Orders");

The Court, having previously considered Defendants Liu and Wang's Motion


(Dkt. No. 108, the "Fifth Amendment Motion") for Relief from Sections VIII and IX of Preliminary Injunction, the SEC's opposition to the Fifth Amendment Motion, Defendants Liu's and Wang's papers replying thereto, the SEC's sur-reply in support of its opposition to the Fifth Amendment Motion, the supporting declarations and exhibits of the parties, and the other evidence and argument presented to the Court at the October 7, 2016 hearing on the Fifth Amendment Motion, issued and entered an Amended and Restated Preliminary Injunction that *inter alia* froze defendant Liu's and Wang's and the Corporate Defendants' assets (Dkt. No. 176);

    The Court, having now considered the SEC's instant Motion, the supporting Memorandum of Points and Authorities, the supporting declarations and exhibits of the parties; and the filings and records in this action, issues and enters a further Preliminary Injunction as set forth below.

    The Court, having previously found, and continues to find that:

    A.    This Court has jurisdiction over the parties to, and the subject matter of, this action.

    B.    The SEC has made a sufficient and proper showing in support of the relief granted herein, as required by Section 20(b) of the Securities Act of 1933 ("Securities Act") (15 U.S.C. s 77t(b)) and Section 21(d) of the Securities Exchange Act of 1934 ("Exchange Act") (15 U.S.C. § 78u(b)) by evidence establishing a prima facie case and reasonable likelihood that the Defendants have engaged in, are engaging in, are about to engage in, and will continue to engage in, unless restrained, transactions, acts, practices and courses of business that constitute violations of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a), and Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

    C.    Good cause exists to believe that, unless restrained and enjoined by order of this Court, Defendants will dissipate, conceal, or transfer assets

which could be the subject to an order directing disgorgement or the payment of civil money penalties in this action. It is appropriate for the Court to issue this Preliminary Injunction to prevent the dissipation of assets.

## I.

IT IS HEREBY ORDERED that, except as otherwise ordered by this Court, Defendants Liu, Wang, Pacific Proton, PPEB5 Fund and Beverly Proton, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert with them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, transferring, assigning, selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or otherwise disposing of, in any manner, any funds, assets, securities, claims or other real or personal property, including any notes or deeds of trust or other interest in real property, wherever located, of any one of the Defendants, or their subsidiaries or affiliates, owned by, controlled by, managed by or in the possession or custody of any of them and from transferring, encumbering dissipating, incurring charges or cash advances on any debit or credit card of the credit arrangement of any one of the Defendants, or their subsidiaries and affiliates.

## II.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, the freeze, previously ordered by the TRO, shall remain in place on all monies and assets (with an allowance for necessary and reasonable living expenses to be granted only upon good cause shown by application to the Court with notice to and an opportunity for the SEC to be heard) in all accounts at any bank, financial institution or brokerage firm, or third-payment payment processor, all certificates of deposit, and other funds or assets, held in the name of, for the benefit of, or over which account authority is held by Defendants Liu, Wang, Pacific Proton, PPEB5 Fund and Beverly

4

Proton, or by United Damei Group, United Damei Investment Company, Ltd. and/or Beijing Pacific Damei Consulting Co. Ltd. (collectively, "UDG"), including but not limited to the accounts listed below:

| BANK NAME | ACCOUNT NAME | ACCOUNT NO. |
| --- | --- | --- |
| Bank of America, N.A. | Charles Liu | unknown |
| J.P. Morgan Chase Bank, N.A. | Charles Liu | xxxxx3076 |
| J.P. Morgan Chase Bank, N.A. | Charles Liu | xxxxx1055 |
| J.P. Morgan Chase Bank, N.A. | Xin Wang | xxxxx3983 |
| J.P. Morgan Chase Bank, N.A. | Pacific Proton Therapy Regional Center, LLC | xxxxx6428 |
| J.P. Morgan Chase Bank, N.A. | Pacific Proton EB-5 Fund, LLC | xxxxx1028 |
| J.P. Morgan Chase Bank, N.A. | Los Angeles County Proton Therapy, LLC | xxxxx5152 |
| J.P. Morgan Chase Bank, N.A. | United MPH Ventures, LLC | xxxxx7035 |
| J.P. Morgan Chase Bank, N.A. | MP Medical Hotel, Inc. | xxxxx9018 |
| J.P. Morgan Chase Bank, N.A. | SC MPH Fund, LP | xxxxx2522 |
| J.P. Morgan Chase Bank, N.A. | SC MPH Management, LLC | xxxxx2978 |
| Citibank, N.A. | Charles Liu | xxxxxxx0486 |
| East West Bank | Pacific Proton Regional Center LLC by Atlantic Escrow Corporation as escrow agent | xxxx9509 |
| Industrial and Commercial Bank of China | United Damei Group | unknown |
| Industrial and Commercial Bank of China | Beijing Pacific Damei Consulting Co., Ltd. | unknown |

| BANK NAME | ACCOUNT NAME | ACCOUNT NO. |
|---|---|---|
| Wells Fargo Bank, N.A. | Xin Wang | xxxxxx9793 |
| China Merchants Bank Co. Ltd., Hong Kong | unknown | unknown |
| Bank of America N.A. /0959 A/C: Grenada Co-operative Bank Limited, St. Georges, Grenada | unknown | unknown |

Any bank, financial institution or brokerage firm, or third-party payment processor holding such monies and assets described above shall hold and retain within their control and prohibit the withdrawal, removal, transfer or other disposal of any such funds or other assets except as otherwise ordered by this Court.

**III.**

IT IS FURTHER ORDERED that any person who receives actual notice of this Order by personal service or otherwise, and who holds, possesses or controls assets exceeding $5,000 for the account or benefit of any one of the Defendants, shall within five days of receiving actual notice of this Order provide the Court-appointed Monitor and counsel for the SEC with a written statement identifying all such assets, the value of such assets, or best approximation thereof, and any account numbers or account names in which the assets are held.

**IV.**

IT IS FURTHER ORDERED that copies of this Order may be served by facsimile, email, hand-delivery, personal or overnight delivery, or U.S. Mail, by agents and employees of the SEC or any state or federal law enforcement agency or by private process server, upon any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of any

1 Defendant, or that may otherwise be subject to any provision of this Order. Service
2 upon any branch or office of any financial institution shall effect service upon the
3 entire Financial Institution.

## V.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over this action for the purpose of implementing and carrying out the terms of all orders and decrees which may be entered herein and to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

IT IS SO ORDERED, this 8th day of December, 2020 at 3:45 PM Pacific Standard Time.

_____
THE HON. CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE