Lawrence B. Steinberg (State Bar No. 101966)
*LSteinberg@buchalter.com*
BUCHALTER, A Professional Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

Hervé Gouraige (admitted *pro hac vice*)
*hgouraige@sillscummis.com*
SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102-5400
Telephone: (973) 643-5989
Facsimile: (973) 643-6500

Attorneys for defendants CHARLES C. LIU and XIN WANG a/k/a LISA WANG

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

vs.

CHARLES C. LIU; XIN WANG a/k/a LISA WANG; PACIFIC PROTON THERAPY REGIONAL CENTER, LLC; PACIFIC PROTON EB-5 FUND, LLC; and BEVERLY PROTON CENTER, LLC f/k/a LOS ANGELES COUNTY PROTON THERAPY, LLC,

Defendants.

Case No. SACV 16-00974 CJC (AGRx)

NOTICE OF MOTION AND MOTION OF DEFENDANTS CHARLES C. LIU AND XIN WANG TO STAY ISSUANCE OF FINAL JUDGMENT REGARDING NET PROFITS DISGORGEMENT AND DETERMINATION OF JOINT-AND-SEVERAL LIABILITY PENDING DECISION BY NINTH CIRCUIT ON APPEAL OF ASSET FREEZE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF HERVE GOURAIGE

Date: March 29, 2021
Time: 1:30 p.m.
Courtroom: 9B

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES
44472806_2.DOCX

DEFENDANTS' MOTION TO STAY ISSUANCE OF FINAL JUDGMENT REGARDING NET PROFITS DISGORGEMENT AND DETERMINATION OF JOINT-AND-SEVERAL LIABILITY PENDING DECISION BY NINTH CIRCUIT ON APPEAL OF ASSET FREEZE

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE that on March 29, 2021 at 1:30 p.m., or as soon thereafter as the matter may be heard, in the above-entitled court, before the Hon. Cormac J. Carney, in Courtroom 9B of the United States District Court located at 411 West Fourth Street, Santa Ana, California 92701-4516, defendants CHARLES C. LIU ("Liu") and his wife, XIN WANG, a/k/a LISA WANG ("Wang") (collectively "Defendants") will and hereby do move to stay issuance of final judgment regarding net profits disgorgement and determination of joint-and-several liability pending decision by the Ninth Circuit of Defendants' appeal of the December 8, 2020 preliminary injunction granting an asset freeze.

This motion is based upon the accompanying Memorandum of Points and Authorities in Support of Defendants' Motion to Stay; the Declaration of Hervé Gouraige; the filings and records in this action; the Court's Order of February 19, 2021 (Dkt. 311); matters of which the Court may take judicial notice, as well as any other matters or argument as may be allowed at the time of the hearing on this matter; and any other evidence or argument that the Defendants may present in support of the motion.

This motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on January 29, 2021.

DATED:  March 1, 2021

Respectfully submitted,

SILLS CUMMIS & GROSS P.C.


By      /s/  Hervé Gouraige
            Hervé Gouraige
    Attorneys for defendants CHARLES C. LIU
    and XIN WANG a/k/a LISA WANG

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES
44472806_2.DOCX

DEFENDANTS' MOTION TO STAY ISSUANCE OF FINAL JUDGMENT REGARDING NET PROFITS DISGORGEMENT AND DETERMINATION OF JOINT-AND-SEVERAL LIABILITY PENDING DECISION BY NINTH CIRCUIT ON APPEAL OF ASSET FREEZE
(ii)

BUCHALTER, A Professional Corporation


By    /s/  Lawrence B. Steinberg
       Lawrence B. Steinberg
   Attorneys for defendants CHARLES C. LIU
   and XIN WANG a/k/a LISA WANG

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES
44472806_2.DOCX

DEFENDANTS' MOTION TO STAY ISSUANCE OF FINAL JUDGMENT REGARDING NET PROFITS DISGORGEMENT AND DETERMINATION OF JOINT-AND-SEVERAL LIABILITY PENDING DECISION BY NINTH CIRCUIT ON APPEAL OF ASSET FREEZE
(iii)

TABLE OF CONTENTS

I. INTRODUCTION .......... 1
II. LEGAL STANDARD .......... 3
III. ARGUMENT .......... 4
A. Success on the Merits .......... 4
B. Absent a Stay, Liu and Wang Would Suffer Irreparable Injury .......... 5
C. No Harm to the SEC or the Public if a Stay is Granted .......... 5
IV. CONCLUSION .......... 6

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES
44472806_2.DOCX
DEFENDANTS' MOTION TO STAY ISSUANCE OF FINAL JUDGMENT REGARDING NET PROFITS DISGORGEMENT AND DETERMINATION OF JOINT-AND-SEVERAL LIABILITY PENDING DECISION BY NINTH CIRCUIT ON APPEAL OF ASSET FREEZE
(iv)

# TABLE OF AUTHORITIES

PAGE

## CASES

*Grupo Mexicano de Desarollo, S.A. v. All. Bond Fund, Inc.*, 527 U.S. 308 (1999) .......... 5

*Guifu Li v. A Perfect Franchise, Inc.*, No. 5:10-CV-01189-LHK, 2011 WL 2293221 (N.D. Cal. June 8, 2011) .......... 3

*Hilton v. Braunskill*, 481 U.S. 770 (1987) .......... 3, 5

*Kidder, Peabody & Co. v. Maxus Energy Corp.*, 925 F.2d 556 (2d Cir. 1991) .......... 5

*Leiva-Perez v. Holder*, 640 F.3d 962 (9th Cir. 2011) .......... 3, 4, 5

*Liu v. SEC*, 140 S. Ct. 1936 (2020) .......... 1

*Nken v. Holder*, 556 U.S. 418 (2009) .......... 3

*SEC v. Liu, et. al.*, 754 F.App'x 505 (9th Cir. 2020) .......... 1

*U.S. Commodity Futures Trading Comm'n v. S. Tr. Metals, Inc.*, No. 14-22739-CIV, 2017 WL 2875427 (S.D. Fla. May 15, 2017) .......... 4

*Virginian R. Co. v. United States*, 272 U.S. 658 (1926) .......... 3

## STATUTES

Federal Rules of Civil Procedure, Rule 62(c) .......... 2, 3

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES
44472806_2.DOCX

DEFENDANTS' MOTION TO STAY ISSUANCE OF FINAL JUDGMENT REGARDING NET PROFITS DISGORGEMENT AND DETERMINATION OF JOINT-AND-SEVERAL LIABILITY PENDING DECISION BY NINTH CIRCUIT ON APPEAL OF ASSET FREEZE
(v)

MEMORANDUM OF POINTS AND AUTHORITIES

Defendants CHARLES C. LIU ("Liu") and XIN WANG, a/k/a LISA WANG ("Wang") (collectively, "Defendants") respectfully submit this memorandum of points and authorities in support of their motion to stay issuance of final judgment regarding net profits disgorgement and determination of joint-and-several liability pending decision by the Ninth Circuit of Defendants' appeal of the December 8, 2020 preliminary injunction granting an asset freeze.

I. INTRODUCTION

On May 31, 2016, this Court issued a temporary restraining order (TRO) restraining, among other things, the assets of Liu and Wang. On October 17, 2016, this Court issued an Amended and Restated Preliminary Injunction that continued the May 31, 2016 asset freeze. On April 21, 2017, the district court granted the SEC's motion for summary judgment, and a final judgment and permanent injunction was issued. Liu and Wang appealed, and the Ninth Circuit affirmed. *SEC v. Liu, et al*., 754 F.App'x 505 (9th Cir. 2020). (Dkt. 287).[1] Thereafter, Liu and Wang sought certiorari to the Supreme Court only to challenge the district court's calculation of the disgorgement award.

On June 22, 2020, the Supreme Court vacated the judgment and remanded for further proceedings regarding the disgorgement award to the SEC. *Liu v. SEC*, 140 S. Ct. 1936, 1950 (2020). On remand, this Court must determine whether (and, if so, how much) net profits separately accrued to Liu and Wang after legitimate business expenses are deducted from gross receipts, whether they can be held jointly-and-severally liable, determine the amount of net profits disgorgement to be granted as restitution to victims, and ensure that total disgorgement does not exceed

[1] "Dkt." Refers to documents entered in the district court docket. Page citations are to the CM/ECF paginations. "DktEntry" refers to the Court of Appeals docket.

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES
44472806_2.DOCX

DEFENDANTS' MOTION TO STAY ISSUANCE OF FINAL JUDGMENT REGARDING NET PROFITS DISGORGEMENT AND DETERMINATION OF JOINT-AND-SEVERAL LIABILITY PENDING DECISION BY NINTH CIRCUIT ON APPEAL OF ASSET FREEZE

net profits. This Court has scheduled discovery and briefing on these issues, and if necessary, a June 7, 2021 evidentiary hearing. (Dkt. 311.)

On November 9, 2020, the SEC sought a ruling that the interlocutory asset freeze ordered by the May 31, 2016 TRO and incorporated into the October 17, 2016 Amended and Restated Preliminary Injunction either remain in effect or be continued through a further order of this Court. On December 8, 2020, this Court entered an order granting the SEC's motion and issued a preliminary injunction ordering the worldwide freeze of Liu and Wang's assets. On December 22, 2020, Liu and Wang appealed the interim asset-freeze. They moved to expedite the appeal, which the SEC opposed, and the Court of Appeals denied the motion. (DktEntry 19.) The appeal will be fully briefed on March 2, 2021.

In accordance with Rule 62(c) of the Federal Rules of Civil Procedure, Liu and Wang move this Court to stay the issuance of a final judgment regarding net-profits disgorgement, if any, earned by Liu and Wang, the amount of net-profits disgorgement to be granted (if any) as restitution to investors, and whether Liu and Wang can be held jointly-and-severally liable. The parties may proceed to complete all fact and expert discovery and briefing of the issues as provided in the Court's February 19, 2021 Order.[2]

Defendants' motion requests that the Court not hold an evidentiary hearing or render final decision of the net-profits disgorgement and joint-and-several liability issues until after the Court of Appeals has decided the pending appeal. A decision by the appellate court will provide guidance to the district court in deciding the issues being litigated in this Court. If the Court decides those issues before an appellate ruling, the pending appeal will be rendered moot, and either party may

[2] After a Court of Appeals decision, the Court may afford the parties an opportunity to submit further briefing before having a hearing or deciding the issues pending before this Court.

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES
44472806_2.DOCX

DEFENDANTS' MOTION TO STAY ISSUANCE OF FINAL JUDGMENT REGARDING NET PROFITS DISGORGEMENT AND DETERMINATION OF JOINT-AND-SEVERAL LIABILITY PENDING DECISION BY NINTH CIRCUIT ON APPEAL OF ASSET FREEZE
2.

seek appellate review of the Court's final judgment. That would lead to inefficiencies for both this Court and the Court of Appeals.

## II. LEGAL STANDARD

Under Fed.R.Civ.P. 62(c), the Court's discretion is guided by four factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). The third and fourth factors (i.e., harm to the opposing party and weighing the public interest) merge when a government agency is the opposing party, such as in this case. *Nken v. Holder*, 556 U.S. 418, 435 (2009); *Leiva-Perez v. Holder*, 640 F.3d 962, 970 (9th Cir. 2011).

"A stay is not a matter of right, even if irreparable injury might otherwise result." *Nken*, 556 U.S. at 433 (citing *Virginian R. Co. v. United States*, 272 U.S. 658, 672 (1926)). "It is instead 'an exercise of judicial discretion,' and '[t]he propriety of its issu[ance] is dependent upon the circumstances of the particular case.'" *Id*. (internal citations omitted). A court may accordingly "grant or deny a stay in accordance with its best judgment." *Guifu Li v. A Perfect Franchise, Inc.*, No. 5:10-CV-01189-LHK, 2011 WL 2293221, at *2 (N.D. Cal. June 8, 2011). However, a flexible approach should be utilized when evaluating a stay. "In other words, although a stay pending appeal certainly has some functional overlap with an injunction, stays are typically less coercive and less disruptive than are injunctions." *Leiva-Perez*, 640 F.3d at 966 (internal citations and quotations omitted).

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES
44472806_2.DOCX

DEFENDANTS' MOTION TO STAY ISSUANCE OF FINAL JUDGMENT REGARDING NET PROFITS DISGORGEMENT AND DETERMINATION OF JOINT-AND-SEVERAL LIABILITY PENDING DECISION BY NINTH CIRCUIT ON APPEAL OF ASSET FREEZE
3.

## III. ARGUMENT

### A. Success on the Merits

"[T]o justify a stay, a petitioner must show, at a minimum, that she has a substantial case for relief on the merits." *Leiva-Perez*, 640 F.3d at 967–68. Such requirement does not require that success is more likely than not. *Id*. Rather, there are several ways to meet one's burden of establishing the minimum quantum of likely success on the merits, including a "reasonable probability," a "fair prospect," "a substantial case on the merits," or "serious legal questions are raised." *Id*. Defendants Liu and Wang have satisfied their burden with respect to the first element for the reasons set forth below.

Liu and Wang have raised on appeal a substantial issue regarding the standard for granting an asset freeze where, as here, the case involves claims for (resolved) legal penalty and undetermined equitable disgorgement relief. The penalty award alone cannot support the asset freeze. Liu and Wang are requesting the Court of Appeals to settle the law in this Circuit in such cases by holding that only the disgorgement award can support an asset freeze. That issue has not been decided in this Circuit.

After the Supreme Court's remand, what remains of the April 20, 2017 Judgment are the civil monetary penalty ("CMP") award and final injunctive relief. A CMP is a legal, not an equitable, remedy. *See*, *U.S. Commodity Futures Trading Comm'n v. S. Tr. Metals, Inc.*, No. 14-22739-CIV, 2017 WL 2875427, at *19 (S.D. Fla. May 15, 2017), report and recommendation adopted, No. 14-22739-CIV, 2017 WL 3835692 (S.D. Fla. Sept. 1, 2017) (collecting cases) ("Unlike equitable restitution, a civil monetary penalty has long been understood to be a legal remedy because it merely constitutes the exchange of money damages."). Therefore, as an equitable remedy, the asset freeze must be tethered to the equitable remedy of disgorgement, not the CMP. Without net profits, there can be no equitable

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES
44472806_2.DOCX

DEFENDANTS' MOTION TO STAY ISSUANCE OF FINAL JUDGMENT REGARDING NET PROFITS DISGORGEMENT AND DETERMINATION OF JOINT-AND-SEVERAL LIABILITY PENDING DECISION BY NINTH CIRCUIT ON APPEAL OF ASSET FREEZE
4.

disgorgement, and without the availability of a disgorgement award in the final judgment, there can be no asset-freeze

B. Absent a Stay, Liu and Wang Would Suffer Irreparable Injury

Liu and Wang also satisfy the second factor under *Hilton*, namely that they will suffer probable irreparable injury absent a stay. *Leiva–Perez*, 640 F.3d at 968. If the stay is not granted, a status quo will not be maintained. *See*, *Kidder, Peabody & Co. v. Maxus Energy Corp.*, 925 F.2d 556, 565 (2d Cir. 1991) (finding that a district court may grant injunctive relief after a proper notice of appeal has been filed, but only when it is necessary to preserve the status quo pending the appeal). Here, without a stay, the district court can issue final judgment as to a determination of net profits and disgorgement of assets, thereby rendering the appeal moot. *See, Grupo Mexicano de Desarollo, S.A. v. All. Bond Fund, Inc.*, 527 U.S. 308, 314 (1999) ("Generally, an appeal from the grant of a preliminary injunction becomes moot when the trial court enters a permanent injunction, because the former merges into the latter.").

It is beyond dispute that rendering the appeal moot will cause Liu and Wang irreparable injury. If the Court grants final judgment with disgorgement to the SEC, mootness of a fully briefed appeal will cause Liu and Wang to reinitiate the appellate process at additional costs and lead to inefficiencies for the courts to again have to focus and decide the issues defendants have raised in the pending appeal. If Liu and Wang ultimately prevail on the issues they have raised and no disgorgement is properly awarded, their assets will have been restrained far longer than necessary and they will have no remedy against the SEC for wrongful injunction. The SEC is not required to post a security bond for an injunction.

C. No Harm to the SEC or the Public if a Stay is Granted.

The third and fourth factors, considered together, also tip in favor of granting Liu and Wang's motion for a stay. The Court has made clear that any disgorgement

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES
44472806_2.DOCX

DEFENDANTS' MOTION TO STAY ISSUANCE OF FINAL JUDGMENT REGARDING NET PROFITS DISGORGEMENT AND DETERMINATION OF JOINT-AND-SEVERAL LIABILITY PENDING DECISION BY NINTH CIRCUIT ON APPEAL OF ASSET FREEZE

5.

award must be restricted to net profits from wrongdoing but only after deducting legitimate business expenses. Consequently, there is no harm to the SEC by staying the district court's final judgment as to the net profit and joint-and-several liability issues. If the SEC can demonstrate that Liu and Wang likely earned net profits, it can freeze assets in an amount that approximates the potential disgorgement award until this Court enters final judgment on all issues in the case.

The public interest is served by ensuring that the asset freeze mirrors as closely as possible the future disgorgement award by tethering the asset freeze to the net profits, and thereby ensuring that the SEC does not have the capability of depriving private persons of use of their property without meeting their burden established by the Court, especially when there is no recourse against the SEC for wrongful injunction.

## IV. CONCLUSION

Defendants Liu and Wang respectfully request that this Court grant their motion to stay final judgment on the issues of net profits earned by Liu and Wang (if any), the amount of net-profits disgorgement to be granted (if any), and whether Liu and Wang can be held jointly-and-severally liable during the pendency of their appeal.

DATED: March 1, 2021

Respectfully submitted,

SILLS CUMMIS & GROSS P.C.

By  /s/ Hervé Gouraige
Hervé Gouraige
Attorneys for defendants CHARLES C. LIU
and XIN WANG a/k/a LISA WANG

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES
44472806_2.DOCX

DEFENDANTS' MOTION TO STAY ISSUANCE OF FINAL JUDGMENT REGARDING NET PROFITS DISGORGEMENT AND DETERMINATION OF JOINT-AND-SEVERAL LIABILITY PENDING DECISION BY NINTH CIRCUIT ON APPEAL OF ASSET FREEZE
6.

BUCHALTER, A Professional Corporation

By /s/ Lawrence B. Steinberg
Lawrence B. Steinberg
Attorneys for defendants CHARLES C. LIU and XIN WANG a/k/a LISA WANG

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES
44472806_2.DOCX

DEFENDANTS' MOTION TO STAY ISSUANCE OF FINAL JUDGMENT REGARDING NET PROFITS DISGORGEMENT AND DETERMINATION OF JOINT-AND-SEVERAL LIABILITY PENDING DECISION BY NINTH CIRCUIT ON APPEAL OF ASSET FREEZE
7.