GARY Y. LEUNG (Cal. Bar No. 302928)
Email: leungg@sec.gov
JACOB A. REGENSTREIF (Cal. Bar No. 234734)
Email: regenstreifj@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
Alka N. Patel, Associate Regional Director
Amy Jane Longo, Regional Trial Counsel
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

### Southern Division

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                Plaintiff,<br><br>    vs.<br><br>CHARLES C. LIU;<br>XIN WANG a/k/a LISA WANG;<br>PACIFIC PROTON THERAPY REGIONAL CENTER, LLC;<br>PACIFIC PROTON EB-5 FUND, LLC; and BEVERLY PROTON CENTER, LLC f/k/a LOS ANGELES COUNTY PROTON THERAPY, LLC,<br><br>                Defendants. | Case No. 8:16-cv-00974-CJC-AGR<br><br>**DECLARATION OF GARY Y. LEUNG IN SUPPORT OF PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S MOTION FOR DISGORGEMENT AGAINST DEFENDANTS LIU AND WANG**<br><br>Date:     June 7, 2021<br>Time:    1:30 p.m.<br>Ctrm:   9B<br>Judge:   Hon. Cormac J. Carney |

I, Gary Y. Leung, declare pursuant to 28 U.S.C. § 1746 as follows:

1.     I am an attorney admitted to practice law by the State Bar of California and by this Court.   I am an Assistant Regional Director with Plaintiff Securities and Exchange Commission's ("SEC") Los Angeles Regional Office. I have personal knowledge of the matters set forth below, except as otherwise noted, and, if called as a witness, I could and would competently testify under oath to the facts stated herein.

2.     I submit this declaration in support of the SEC's motion for disgorgement against defendants Charles C. Liu and Xin (Lisa) Wang.

3.     A true and accurate copy of Carlyn Irwin's March 26, 2021 expert report and supplemental Exhibit 9A thereto is attached hereto as Exhibit 1.

4.     A true and accurate copy of transcript excerpts from the February 24, 2021 deposition of defendant Charles C. Liu is attached hereto as Exhibit 2.

5.     A true and accurate copy of a document produced to the SEC during its pre-filing investigation and/or this civil injunctive action, and marked as Deposition Exhibit 102 at the February 22, 2021 third-party deposition of Ruth Novodor, is attached hereto as Exhibit 3.

6.     A true and accurate copy of a document produced to the SEC during its pre-filing investigation and/or this civil injunctive action, marked as Government Exhibit 5 at the March 23, 2016 investigative testimony of defendant Charles C. Liu, and marked as Deposition Exhibit 101 at the February 22, 2021 third-party deposition of Ruth Novodor, is attached hereto as Exhibit 4.

7.     A true and accurate copy of transcript excerpts from the March 5, 2021 third-party deposition of Dr. John Thropay is attached hereto as Exhibit 5.

8.     A true and accurate copy of transcript excerpts from the February 22, 2021 third-party deposition of Ruth Novodor is attached hereto as Exhibit 6.

9.     A true and accurate copy of a document produced to the SEC during its pre-filing investigation by the City of Hope Medical Foundation on or about April 21, 2016 and bearing the bates-number COH-SEC 0000881-883, is attached hereto as

1

Exhibit 7.

10.    A true and accurate copy of a document produced to the SEC during its pre-filing investigation and/or this civil injunctive action, and marked as Deposition Exhibit 105 at the February 22, 2021 third-party deposition of Ruth Novodor, is attached hereto as Exhibit 8.

11.    A true and accurate copy of a document produced to the SEC during its pre-filing investigation and/or this civil injunctive action, and marked as Deposition Exhibit 103 at the February 22, 2021 third-party deposition of Ruth Novodor, is attached hereto as Exhibit 9.

12.    A true and accurate copy of a document produced to the SEC during its pre-filing investigation and/or this civil injunctive action, and marked as Deposition Exhibit 104 at the February 22, 2021 third-party deposition of Ruth Novodor, is attached hereto as Exhibit 10.

13.    A true and accurate copy of a document produced to the SEC during its pre-filing investigation and/or this civil injunctive action, and marked as Deposition Exhibit 112 at the February 22, 2021 third-party deposition of Ruth Novodor, is attached hereto as Exhibit 11.

14.    A true and accurate copy of a document produced to the SEC during its pre-filing investigation and/or this civil injunctive action, and marked as Deposition Exhibit 106 at the February 22, 2021 third-party deposition of Ruth Novodor, is attached hereto as Exhibit 12.

15.    A true and accurate copy of a document produced to the SEC during its pre-filing investigation and/or this civil injunctive action, and marked as Deposition Exhibit 128 at the February 24, 2021 deposition of defendant Charles C. Liu, is attached hereto as Exhibit 13.

16.    A true and accurate copy of a document produced to the SEC during its pre-filing investigation and/or this civil injunctive action, and marked as Deposition Exhibit 129 at the February 24, 2021 deposition of defendant Charles C. Liu, is

attached hereto as <u>Exhibit 14</u>.

17.    A true and accurate copy of a document produced to the SEC during its pre-filing investigation and/or this civil injunctive action is attached hereto as <u>Exhibit 15</u>.

18.    A true and accurate copy of a document produced to the SEC during its pre-filing investigation and/or this civil injunctive action, and marked as Deposition Exhibit 107 at the February 22, 2021 third-party deposition of Ruth Novodor, is attached hereto as <u>Exhibit 16</u>.

19.    A true and accurate copy of a document produced to the SEC during its pre-filing investigation and/or this civil injunctive action, and marked as Deposition Exhibit 108 at the February 22, 2021 third-party deposition of Ruth Novodor, is attached hereto as <u>Exhibit 17</u>.

20.    A true and accurate copy of a document produced to the SEC during its pre-filing investigation and/or this civil injunctive action, and marked as Deposition Exhibit 109 at the February 22, 2021 third-party deposition of Ruth Novodor, is attached hereto as <u>Exhibit 18</u>.

21.    A true and accurate copy of a document produced to the SEC during its pre-filing investigation and/or this civil injunctive action, and marked as Deposition Exhibit 110 at the February 22, 2021 third-party deposition of Ruth Novodor, is attached hereto as <u>Exhibit 19</u>.

22.    A true and accurate copy of a document produced to the SEC during its pre-filing investigation by the City of Hope Medical Foundation on or about April 21, 2016 and bearing the bates-number COH-SEC 0000111-113, is attached hereto as <u>Exhibit 20</u>.

23.    A true and accurate copy of a document produced to the SEC during its pre-filing investigation and/or this civil injunctive action, and marked as Deposition Exhibit 113 at the February 22, 2021 third-party deposition of Ruth Novodor, is attached hereto as <u>Exhibit 21</u>.

24.    A true and accurate copy of transcript excerpts from the April 16, 2021 deposition of Theodore Ginsburg is attached hereto as Exhibit 22.

25.    A true and accurate copy of transcript excerpts from the March 23, 2016 investigative testimony of defendant Charles C. Liu is attached hereto as Exhibit 23.

26.    A true and accurate copy of transcript excerpts from the March 9, 2021 deposition of Trang Lam is attached hereto as Exhibit 24.

27.    A true and accurate copy of a document produced to the SEC during its pre-filing investigation and/or this civil injunctive action, and marked as Deposition Exhibit 121 at the February 24, 2021 deposition of defendant Charles C. Liu, is attached hereto as Exhibit 25.

28.    A true and accurate copy of a document produced to the SEC during its pre-filing investigation and/or this civil injunctive action, and marked as Deposition Exhibit 120 at the February 24, 2021 deposition of defendant Charles C. Liu, is attached hereto as Exhibit 26.

29.    A true and accurate copy of a document produced to the SEC during its pre-filing investigation and/or this civil injunctive action, and marked as Deposition Exhibit 130 at the February 24, 2021 deposition of defendant Charles C. Liu, is attached hereto as Exhibit 27.

30.    A true and accurate copy of a document produced to the SEC during its pre-filing investigation and/or this civil injunctive action, and marked as Deposition Exhibit 131 at the February 24, 2021 deposition of defendant Charles C. Liu, is attached hereto as Exhibit 28.

31.    A true and accurate copy of a document produced to the SEC during its pre-filing investigation and/or this civil injunctive action, and marked as Deposition Exhibit 142 at the March 9, 2021 deposition of Trang Lam, is attached hereto as Exhibit 29.

///

///

4

32.     A true and accurate copy of transcript excerpts from the February 25, 2021 deposition of defendant Xin a/k/a Lisa Wang, is attached hereto as <u>Exhibit 30</u>.

33.     A true and accurate copy of a document produced to the SEC during its pre-filing investigation and/or this civil injunctive action, marked as Deposition Exhibit 123, and shown to the witness at the February 25, 2021 deposition of defendant Xin a/k/a Lisa Wang, is attached hereto as <u>Exhibit 31</u>.

34.     A true and accurate copy of excerpts of the court filing docketed at Nos. 296 and 296-1 in the above-captioned action is attached hereto as <u>Exhibit 32</u>.

35.     I calculated the prejudgment interest owed on the disgorgement amount the SEC recommends in its motion – $20,871,758.81.  I calculated that interest on a quarterly basis over the period from April 30, 2016 to June 1, 2016.  June 1, 2016 is the date that the SEC brought this civil injunctive action.  The interest rate I used is the same rate used by the Internal Revenue Service to calculate underpayment penalties, and is defined as the federal short term rate (also known as the "period rate") plus three percentage points (also known as the "annual rate").  See 26 U.S.C. § 6621(a)(2).  When calculating the prejudgment interest, I ignored any partial months at the beginning and the end of the period.

36.     I determined that the prejudgment interest on the recommended disgorgement amount of $20,871,758.81 is $70,713.06.  In making this calculation, I utilized a computer program maintained by the SEC to calculate prejudgment interest in SEC enforcement actions.

///
///
///
///
///
///
///

37.     Therefore, the total of amounts of disgorgement and prejudgment interest that the SEC is recommending the Court to order the defendant to pay is $20,942,471.87.  A true and correct copy of the Report of Prejudgment Interest generated by the SEC prejudgment interest calculator reflecting this information is attached as <u>Exhibit 33</u>.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Executed this 23rd day of April, 2021 in Redondo Beach, California.


                    */s/ Gary Y. Leung*
                    GARY Y. LEUNG

**PROOF OF SERVICE**

I am over the age of 18 years and not a party to this action.  My business address is:

U.S. SECURITIES AND EXCHANGE COMMISSION,
444 S. Flower Street, Suite 900, Los Angeles, California 90071
Telephone No. (323) 965-3998; Facsimile No. (213) 443-1904.

On April 23, 2021, I caused to be served the document entitled **DECLARATION OF GARY Y. LEUNG IN SUPPORT OF PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S MOTION FOR DISGORGEMENT AGAINST DEFENDANTS LIU AND WANG** on all the parties to this action addressed as stated on the attached service list:

☐ **OFFICE MAIL:**  By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices.  I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐ **PERSONAL DEPOSIT IN MAIL:**  By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service.  Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

☐ **EXPRESS U.S. MAIL:**  Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

☐ **HAND DELIVERY:**  I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☐ **UNITED PARCEL SERVICE:**  By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

☐ **ELECTRONIC MAIL:**  By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☒ **E-FILING:**  By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐ **FAX:**  By transmitting the document by facsimile transmission.  The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date:  April 23, 2021                    */s/ Gary Y. Leung*
                                          Gary Y. Leung

*SEC v. Liu, et al.*
**United States District Court—Central District of California**
**Case No. 8:16-cv-00974-CJC-AGR**

**<u>SERVICE LIST</u>**

*Counsel for Defendants Charles C. Liu*
*and Xin Wang a/k/a Lisa Wang*:

Hervé Gouraige, Esq. (by CM/ECF)
Sills Cummis & Gross P.C.
The Legal Center
One Riverfront Plaza
Newark, New Jersey 07102
Email: hgouraige@sillscummis.com

Lawrence B. Steinberg, Esq. (by CM/ECF)
Buchalter Nemer, P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-1730
Email:  LSteinberg@buchalter.com

*Defendants Pacific Proton Therapy Regional Center, LLC and*
*Beverly Proton Center, LLC:*

(*on counsel for Charles C. Liu¸ the controlling shareholder of each*)
Hervé Gouraige, Esq. (by CM/ECF)
Sills Cummis & Gross P.C.
The Legal Center
One Riverfront Plaza
Newark, New Jersey 07102
Email: hgouraige@sillscummis.com

Lawrence B. Steinberg, Esq. (by CM/ECF)
Buchalter Nemer, P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-1730
Email:  LSteinberg@buchalter.com

8