# EXHIBIT 25

16 (3)

# EMPLOYMENT AGREEMENT

**THIS AGREEMENT** is made by and between Beverly Proton Center, LLC, a California Limited Liability Company, formally known as Los Angeles County Proton Therapy, LLC (hereinafter called "Company") and Michael Cogswell (hereinafter called "Employee").

## RECITALS

A. **WHEREAS** Company is in the business of developing Proton Therapy Center and requires the services of a Vice President in business development of the company, and wishes to extend to employee an offer of employment;

B. **WHEREAS** Employee has represented to Company that he has the skills and experience necessary to perform the duties of such Vice President;

C. **WHEREAS** Employee desires to accept an offer of employment by Company as its Vice President;

**NOW THEREFORE**, in consideration of the above, and of the mutual agreements hereinafter set forth, the parties hereto do hereby agree as follows:

## AGREEMENT

1. **Offer of Employment**: Company hereby offers employment to Employee as Vice President upon the terms and conditions set forth in this Agreement.

2. **Acceptance of Employment**: Employee accepts Company's employment offer upon the terms and conditions set forth in this Agreement.

3. **Term of Agreement**:

   This Agreement shall have a term of three years and shall be renewable upon the mutual agreement of the parties by separate contract at the expiration of the term of employment.

4. **Employee Compensation**:

   Employee shall receive as compensation an annual base salary of $350,000.00. The Company agrees to pay the employee since April 5, 2016. In addition to base salary, Employee shall earn bonus on the following basis:

   One percent of the total capital, including debt financing raised reached up to $60,000,000.00

5. **Payment of Salary**:

   Company shall pay Employee base salary each quarter in advance.

6. **Employee's Employment Duties**:

EXHIBIT 121
2-24-2021  C. Liu

Confidential Treatment Requested by Charles Liu
Exhibit 25 Page 483

a. Employee shall be responsible for the development of the corporation and its fund raising in both US and overseas.

b. In performing his job duties for Company, Employee shall devote effort to discharge the responsibilities assigned to him, shall not in any manner work for any other Company, that would compete with Company on an independent basis, or otherwise, and shall perform such other duties consistent with his position, as may from time to time be assigned to him by Company.

7. <u>Employee's Reimbursement for Expenses</u>:

c. Employee shall be entitled to the reimbursement of all normal and justified business expenses (reimbursable business expenses) reasonably incurred in connection with the performance of Employee's employment duties with Company.

b. For cash disbursements by Employee for reimbursable business expenses, Employee shall submit a monthly itemized business expense report to Company on or about the first (1st) day of each month, along with actual receipts for such expenditures. Such business expenses shall be paid to Employee by Company on or about the fifteenth (15th) day of that month.

8. <u>Vacations, Holidays, and Sick Time</u>:

a. Employee shall be entitled to fourteen (14) working days paid vacation to be taken within the next 365 calendar days. Vacation shall be taken at a time mutually convenient to Company and Employee. Company and Employee shall be reasonable with each other in the scheduling of vacation time, and neither shall be arbitrary or capricious in such scheduling.

b. Employee shall be entitled to fourteen (14) sick or personal days per year in addition to vacation time.

c. At a minimum, Employee shall be entitled to the following paid holidays:

1. New Year's day
2. Day on Good Friday
3. Memorial Day
4. July 4th official government holiday
5. Labor Day
6. Thanksgiving
7. Day on Christmas Eve
8. Christmas Day

In addition, Employee shall be entitled to any religious holiday of Employee's religion, not exceeding one day, which is normally recognized and celebrated by that religion as a day off work.

9. <u>Insurance Benefits</u>:

The insurance policy shall be at Employee's sole expense.

10. <u>Disclosure</u>:

**Confidential Treatment Requested by Charles Liu**
Exhibit 25 Page 484

a. Employee agrees to make available to Company all knowledge possessed by him relating to any methods, developments, invention, and/or improvements, which concern in any way the business of Company, whether acquired by Employee before or during the term of his employment hereunder, provided that nothing herein shall be construed as requiring any disclosure where the method, development, invention and/or improvement is lawfully protected from disclosure as a trade secret of a third party or by any other lawful bar to such disclosure.

b. Employee agrees to receive and maintain in confidence and not to disclose to any third party all ideas, methods, developments, client lists, inventions, improvements and business plans and information of Company of which Employee becomes aware during his employment hereunder or which Employee conceives or makes, whether solely or jointly, while in Company's employ.

c. Confidentiality: Employee acknowledges that during the course of employment with Company, Employee will have access to certain information that is of great value to Company, and which is not readily available to outsiders. Employee understands that such information, including but not limited to trade secrets, clients lists, customer lists, designs, drawings, plans, documents, prototypes, manufacturing techniques, equipment, sales and client or customer information, pricing and purchasing plans, business and financial information, work in progress, products, files, reports, memoranda, computer software or programming and budgets or other financial plans or information regarding Company and its business, property and affairs, employees, clients, customers, vendors or suppliers, proposals and projections, included but not limited to long-range plans for Company's growth, expansion, development, and continued fostering of its relationships with its employees, clients, customers, vendors or suppliers (hereinafter referred to as "Confidential Information"), is protected, confidential and proprietary information of Company.

11. Covenant of Confidentiality: Employee agrees to hold in the strictest confidence, and agrees not to publish or disclose to any other person or entity at any time, either during or after employment, any Confidential Information of Company without the prior written consent of Company.

12. Use of Confidential Information: Employee agrees not to use any such Confidential Information to compete with Company in any way, either directly or indirectly, and will not otherwise use or misuse any such Confidential Information for Employee's own benefit, or to the detriment of Company.

13. Delivery of Confidential Information: Employee further agrees to promptly deliver to Company, upon request or upon termination from employment, all correspondence, notes, computer disks, computer data, books, records, memoranda, worksheets, drawings, reports, and other written or computer information or data of any kind, relating to or arising out of business, products, practices, or techniques of Company. It is understood that all work product of Employee while in Company's employ belongs to and is proprietary to Company, and Employee shall not be entitled to take or use any such information, in any form whatsoever for personal use or otherwise.

14. Consideration for Covenants: It is agreed by and between Company and Employee that the

confidentiality agreement and covenant not to compete set forth herein are necessary for the protection of the business of Company, and that as consideration for Employee's agreement thereto, Employee will receive access to Company's confidential business information, as well as special training in Company's manner of doing business. Were it not for this agreement, Company would not release such confidential information to Employee.

15. <u>Benefit of Agreement</u>: This Agreement shall inure to the benefit of, and be binding upon, the parties hereto and their respective legal representatives, administrators, executors, successors, subsidiaries and affiliates, partnerships, corporations, and other business entities, and upon other persons or business entities with whom the parties hereafter have a business affiliation.

16. <u>Applicable Law; Jurisdiction; Captions; Time of Essence</u>: It is stipulated by Company and Employee that this Agreement is entered into in the State of California, and shall be governed and construed in accordance with the law of the State of California. Jurisdiction is deemed by Company and Employee to be the appropriate court of jurisdiction in Orange County, California.

17. <u>Captions</u>: The captions at the beginning of each paragraph of this Agreement are solely for the convenience of the parties and are not part of this Agreement. Time is of the essence in this Agreement.

18. <u>Waiver</u>: The waiver by either party of a breach of a provision of this Agreement shall not operate or be construed as a waiver of a subsequent breach thereof.

19. <u>Severability</u>: Each provision of this Agreement is intended to be severable from the others so that if any provision or term hereof is illegal or invalid for any reason whatsoever, such illegality or invalidity shall not affect the validity of the remaining provisions and terms hereof.

20. <u>Assignment</u>: This Agreement and all rights hereunder are personal to Employee and shall not be assignable, and any purported assignment thereof shall not be valid and binding upon Company. Company may assign all of its rights hereunder to any person, firm or corporation succeeding to the business of Company.

21. <u>Modification of Agreement</u>: This Agreement may be modified only by a writing signed by the parties, or their respective authorized agents. Any modification of this Agreement will be effective only if it is in writing and signed by the party to be charged.

22. <u>Survival of Agreements and Covenants</u>: It is the intent of the parties to this Agreement that the confidentiality agreements and covenants will survive the termination of Employee's employment with Company unless the contrary is set forth in writing and signed by Company and Employee.

23. <u>Scope of Validity</u>: This Agreement and all covenants herein shall be valid in, and shall extend worldwide, and not withstanding any provision of this Agreement regarding Jurisdiction, may at the sole option of Company, be enforced by Company in any jurisdiction where any violation takes place.

24. <u>No Conflicts</u>: Employee represents and warrants to Company that he is not now under any obligation of a contractual or other nature to any person, firm or entity which is inconsistent or in

conflict with this Agreement, or which would prevent, limit, impair, or conflict with in any way, the performance by him of his obligations and covenants made hereunder.

7. <u>Entire Agreement</u>: The execution of this Agreement by Company and Employee alike is free and voluntary. No inducement to enter into this Agreement except as expressly stated herein, is made by either Company or Employee. This Agreement supersedes any and all other agreements, either oral or in writing, between the parties hereto and contains all of the covenants and agreements between them. Each party acknowledges that no representation, inducement, promise or agreement, orally or otherwise, has been made by any party or anyone acting on behalf of any party which is not embodied herein.

**WHEREFORE**, this Agreement is executed by the parties, in duplicate original, on the dates herein below written.

NOTE: THIS IS A LEGAL DOCUMENT. DO NOT SIGN IT UNLESS YOU HAVE READ AND UNDERSTOOD THE ENTIRE AGREEMENT, AND AGREE WITH ALL OF THE PROVISIONS HEREIN.

Dated: April 11, 2016                            Dated: April 11, 2016

BEVERLY PROTON CENTER, LLC
AKA, Los Angeles County
Proton Therapy LLC                              CHARLES C LIU

By: _CHARLES LIU_                               By: _Charles_

_Michael Cogswell-Vice President_               _4/11/16_
                                                Date

Confidential Treatment Requested by Charles Liu
Exhibit 25 Page 487