JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
### Southern Division

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>CHARLES C. LIU;<br>XIN WANG a/k/a LISA WANG;<br>PACIFIC PROTON THERAPY REGIONAL CENTER, LLC;<br>PACIFIC PROTON EB-5 FUND, LLC; and BEVERLY PROTON CENTER, LLC f/k/a LOS ANGELES COUNTY PROTON THERAPY, LLC,<br><br>Defendants. | Case No. 8:16-cv-00974-CJC-AGR<br><br>**FINAL JUDGMENT AS TO DEFENDANT CHARLES C. LIU AND XIN a/k/a LISA WANG** |

The Court, having granted the Securities and Exchange Commission's ("SEC") Motion for Summary Judgment against Defendants Charles C. Liu and Xin (Lisa) Wang and the SEC's Motion for Disgorgement against Defendants Charles C. Liu and Xin (Lisa) Wang (collectively, "Defendants"), and having considered all of the evidence and arguments presented by the parties with regard to those motions, including the parties' respective memoranda of points and authorities as to the motions, the parties' briefing on disgorgement on remand, and the other filings and records in this action:

## I.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

**II.**

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that pursuant to Section 21(d)(5) of the Exchange Act [15 U.S.C. § 78u(d)(5)], Defendants are permanently restrained and enjoined from, directly or indirectly, participating in the offer or sale of any security which constitutes an investment in a "commercial enterprise" under the United States Government EB-5 visa program administered by the United States Citizenship and Immigration Service ("USCIS"), including engaging in activities with a broker, dealer, or issuer, or a Regional Center designated by the USCIS, for purposes of issuing, offering, trading, or inducing or attempting to induce the purchase or sale of any such EB-5 investment.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

**III.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Liu and Wang are jointly and severally liable for disgorgement of $20,871,758.81, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $70,713.06, that Defendant Liu is further liable for a civil penalty in the amount of $6,714,580 pursuant to Section 20(d)(2)(C) of the Securities Act, and that Defendant Wang is further liable for a civil penalty in the amount of $1,538,000 pursuant to Section 20(d)(2)(C) of the Securities Act. Defendants Liu and Wang shall satisfy their disgorgement obligation by paying $20,942,471.87, Defendant Liu satisfy his penalty obligation by paying $6,714,580, and Defendant Wang shall satisfy her penalty obligation by paying $1,538,000, all to the Securities and Exchange

Commission and all within 30 days after entry of this Final Judgment.

Defendants may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Charles C. Liu and Xin a/k/a Lisa Wang as defendants in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendants relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 et seq., and moving for civil contempt for the violation of any Court orders issued in this action. Defendants shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds,

together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendants shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that they are entitled to, nor shall they further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendants' payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendants shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendants by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

**IV.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that within 3 days after being served with a copy of this Final Judgment, J.P. Morgan Chase Bank,

N.A. Citibank, N.A., Wells Fargo Bank, N.A., and East West Bank shall transfer the entire balance of the following bank accounts which were frozen pursuant to an Order of this Court to the Commission:

| BANK NAME | ACCOUNT NAME | ACCOUNT NO. |
|---|---|---|
| J.P. Morgan Chase Bank, N.A. | Charles Liu | xxxxx3076 |
| J.P. Morgan Chase Bank, N.A. | Charles Liu | xxxxx1055 |
| J.P. Morgan Chase Bank, N.A. | Pacific Proton Therapy Regional Center, LLC | xxxxx6428 |
| J.P. Morgan Chase Bank, N.A. | Pacific Proton EB-5 Fund, LLC | xxxxx1028 |
| J.P. Morgan Chase Bank, N.A. | Los Angeles County Proton Therapy, LLC | xxxxx5152 |
| J.P. Morgan Chase Bank, N.A. | United MPH Ventures, LLC | xxxxx7035 |
| J.P. Morgan Chase Bank, N.A. | MP Medical Hotel, Inc. | xxxxx9018 |
| J.P. Morgan Chase Bank, N.A. | SC MPH Fund, LP | xxxxx2522 |
| J.P. Morgan Chase Bank, N.A. | SC MPH Management, LLC | xxxxx2978 |
| Citibank, N.A. | Charles Liu | xxxxxxx0486 |
| East West Bank | Pacific Proton Regional Center LLC by Atlantic Escrow Corporation as escrow agent | xxxx9509 |
| J.P. Morgan Chase Bank, N.A. | Xin Wang | xxxxx3983 |
| Wells Fargo Bank, N.A. | Xin Wang | xxxxx9793 |

The foregoing financial institutions may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov

through the SEC website at http://www.sec.gov/about/offices/ofm.htm. The foregoing financial institutions also may transfer these funds by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

>  Enterprise Services Center
>  Accounts Receivable Branch
>  6500 South MacArthur Boulevard
>  Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; and specifying that payment is made pursuant to this Final Judgment.

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendants, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendants under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendants of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

Dated: July 14, 2021

HON. CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE